McKean, Chief Justice.
 

 This is a proceeding
 
 in
 
 rem, and ought not certainly to be extended further than the property attached. If that is sufficient to satisfy the plaintiff, he has done well to secure himself j
 
 [1]
 
 but in the present action, the judgment obtained in Massachusetts cannot be considered as conclusive evidence of the debt, and therefore, the defendant ought still to be at liberty to controvert and deny it. The articles of confederation must not bo construed to work such evident mischief and injustice, as are contained in the doctrine urged for the plaintiff.
 

 (a)
 

 Rush, Justice. — If this judgment were as conclusive as the plaintiff contends, might he not issue an execution at once ? But I am likewise of opinion, that it- is examinable in the present action.
 

 Bryan, Justice. — By the very words of the Massachusetts act, it is declared, that the judgment and execution in a foreign attachment shall only go against the goods attached.
 

 Atlee, Justice, concurred.
 

 By the Court. — The judgment obtained in the court of the state of Massachusetts, in a foreign attachment, between the same parties, is not conclusive evidence, in this cause, of the debt claimed by the plaintiff.
 
 (b)
 

 (a)
 

 The accuracy of this decision will appear from the Journals of Congress, of the 12th of January 1777, when that honorable body was considering certain articles which wore proposed to be added to the Confederation. To the clause, that “ full credit and faith shall be given in each of these states to the records, acts, and judicial proceedings of the courts and magistrates of every other state,” it was moved to add, “and an action of debt may be commenced in a court of law of any state for the recovery of a debt due on a judgment of any court in any other state; provided the judgment-creditor shall give bond with sufficient sureties, before the said court, in which the action shall be brought, to answer in damages to the adverse party, in case the original judgment shall be afterwards reversed and set aside, and provided the party against whom such judgment may have been obtained, had notice in fact of the service of the original writ, upon which such judgment shall be founded.” But this motion was rejected.
 

 (b)
 

 The same point was decided in Betts v. Death, Addis. 265. Under the provision in the present constitution of the United States, it is settled, that the record of a judgment obtained in one state, is as conclusive evidence of the right which it has decided, fcsitisinthe state where the judgment was given. Green
 
 v.
 
 Sarmiento, Peters C. C. 74;
 
 *276
 
 3 W. C. C. 17; Meld v. Gibbs, Peters C. C. 155; Evans v. Tatem, 9 S. & R. 260; Benton v. Burgot, 10 Id. 240. Therefore, the plea of
 
 nil debet
 
 to an action on such judgment is bad. Armstrong v. Carson’s Ex’rs, 2 Dall. 302. But if the court had not competent jurisdiction (Evans v. Tatem,
 
 ut supra),
 
 or,
 
 it seems,
 
 if the proceedings were
 
 ex parte,
 
 and the defendant had no notice (Benton v. Burgot, Green v. Sarmiento, Field v. Gibbs,
 
 ut supra),
 
 the record would not be regarded as conclusive. In Benton v. Burgot, Judge Duncan said, “ Whether a judgment has been by default, or on trial, makes no difference, provided the party has been notified, “ and it was hold, in that case, that a plea of fraud, imposition and mistake in obtaining the judgment, was bad on demurrer. See also Kean v. Rice, 12 S. & R. 203.
 
 [1]
 

 [1]
 

 See Steele
 
 v.
 
 Smith, 7 W & S 447; Blyler
 
 v.
 
 Kline, 64 Penn. St. 130; Dohner
 
 v.
 
 Miller, 2 Pears. 285.
 

 [1]
 

 See Morgan
 
 v.
 
 Neville, 74 Penn. St. 52.