The judges delivered their opinions seriatim :
Bkevarw, J.
The declaration in this case states a recovery in a judicial proceeding in a court of North Carolina. The plea donies the existence of any such proceeding. The demurrer admits the truth of the plea, but denies the right of the party to plead it. The question, then, is as to the propriety of the plea, and whether nil debet is not the proper plea to be pleaded in such case, I think *112 the plea of nul iicl record, is a proper plea to an action of debt, which this is, founded on a judgment recovered in a court of law' in an}' State in the union ; and that the production of an authenticated copy of the record of sueh recovery, under the seal of the court where the original is of record, if such court has a seal, and if not, then such seal is not necessary, aéeording to the act of congress,must be deemed sufficient evidence of such record. The constitution of the United States declares, that full faith and credit shdlp be given in each State, to the judicial- proceedings of every other State ; and that congress may prescribe the manner in which such proceedings shall he proved, and the manner thereof'. Congress, in 1790, passed an act which prescribes the manner in which such proceedings in each State shall- be’ authenticated, proved, or admitted, in any other court of any other State, within the United-States, so as to take effect therein ; and declares that such proceedings, so authenticated, shall have such faith and- credit allowed them in every court within the United States, as they have, by law or usage, in the courts of the State from whence the same are taken. Now, it appears to me, that the constitution and-law, above cited, intended to give the same validity and effect to authenticated5 copies of the judicial proceedings of the courts of the several-United States, out of that State where sueh proceedings are had,, as the original proceedings are éntitled to, in the same court where the same are of record ; and I am unable to perceive any other5 object or purpose the act of congress is calculated to answer, or any other meaning it can have. The act says, “ such proceedings, so authenticated, shall have such faith- and credit given to them, as in the State from whence they are taken.” This cannot be meant of the original proceedings themselves, for these cannot be procured-from one State to another. The keepers of sueh records would not easily consent to entrust them to be carried away out of tho State, perhaps from New Hampshire to Tennessee, or Georgia f and I think they-cannot be compelled, by any legal process, to attend, with (he records, in the courts of other States, than that wherein they are resident, to furnish evidence in any cause therein depending. Then, unless the construction I give this act of congress, should prevail, it must be idle and vain. But if this should be the true meaning of the act, then the plea of nul liel record is proper in this case ; for debt is a proper action to recover money due by judgment, although a scire facias may be brought, and mil tiel record is a proper plea to an action of debt founded on a judgment. The issue is to be tried by producing the record itself, if it be ft *113 récord of the same court; and if it be a record of another court, by producing an authenticated copy,' duly exemplified, from the court from whence the same is taken. I conceive it to be á clear principle, that the merits of a'judgment cannot be examined into in an original action founded on that judgment'. If this suit had been brought in any other court in' North Carolina, than that wherein the recovery was had,' an exemplification, or certified copy of the record of such recovery, under the seal of the Court wherein the' judgment was obtained, if such court had a seal) and if not a true copy, duly certified, must have been admitted and received as evi« deuce of such record; in the same mannel- as the original would be evidence in the court where it is kept of record ; and in such case the plea of nil debet would be improper, because man action of do:>t, rounded on a record or specialty, the debt cannot be denied' v'itnout denying the instrument on which it is founded. And if such plea, in such case, would be ah ill plea in North Carolina, it must be equally bad here. 2 Burr. 1009. 2 Bl. Com. 404. 1 Esp. Dig. 236. 2 Burr. 1034. Doug. 554. 2 Dallas, 302, 233, 270. 4 T. R. 493: Bull. N. P. 245. 2 Show. 232. 1 Lofft’s Gilb. 332. Cro. Jac. 227.
The decisions in England, in regard to foreign judgments, cari» not, in my judgment, apply to this case. Foreign judgments aré not there considered as records, to which implicit faith is due they are considered only as prima facie evidence of a debt, and' may be examined into. They are regarded'in the light of simple' contracts, and either debt or assumpsit may be maintained on them. 2 Vern. 541. 13 Vin. Ab. 414. Doug. 1. 1 Dall. 261. But surely, this is not the footing on which the solemn judgments, and judicial proceedings of the courts of law of the several States,united- under the same general government, and constituting the' nation, are- placed in relation to each other State. It seems to me that all the mischiefs the constitution and law of the United States were designed to avoid, must inevitably take place, should this bo the case. What other effect can they produce, than must have taken place, if they had never passed, unless they are to have the meaning and effect I contend for ?
I am-, therefore, of opinion, that the demurrer was, in this case, properly overruled in the district court, and that judgment should be given for the defendant.