## Case No. 7,685.

KEMMIL v. WILSON.

[4 Wash. C. C. 308.][1]

Circuit Court, Pennsylvania.[2] Oct. Term, 1822.

PAROL EVIDENCE—COLLATERAL SECURITY.

1. Parol evidence can no more be given to explain than to contradict a written instrument.

2. A, being indebted to B, assigns to him certain recognizances, to be held by him as collateral security for the debt due him, to be collected by him as he may think proper. This assignment is no bar to B's action to recover the debt due to him. If B had collected any part of the recognizances, and this it is incumbent on A to prove, the sum so collected is to be con-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]
[2] [District not given.]

[1] [Reprinted from 35 Leg. Int. 165, by permission.]

sidered as a payment, pro tanto. B's right to sue may be suspended by a special contract to that effect.

3. Aliter. if the collateral security consists of a negotiable instrument which has been assigned to the plaintiff.

Action on a promissory note for $1519, given by the defendant to the plaintiff. The defendant gave in evidence two recognizances entered into by one Ege to the defendant in the orphan's court, with a special assignment, entered upon the records of that court, to the plaintiff, in August, 1821, to be held by the said Kemmil as collateral security for the debt due by the said Wilson to him, to be collected by Kemmil, as he may think proper; and the balance due upon the recognizances, after discharging the said debt, to be paid by the said Kemmil to the said Wilson. The defendant's counsel offered evidence of conversations preceding, and about the time when the said assignment was made, and receipt given, to explain the meaning of the expressions contained in them; insisting that those papers did not contain the whole of the agreement between these parties; but that they were intended merely as part execution of the parol agreement now offered to be proved, and that the evidence was intended to explain, but not to contradict the written agreement.

PER CURIAM. The rule of law which excludes parol evidence to vary or to contradict a written agreement, is equally imperative as to explanatory evidence, where the ambiguity to be explained is patent, which it is, in this case, if there be an ambiguity at all. Parol evidence of the agreement was admitted in the case of McCulloch v. Girard [Case No. 8,737], not to explain the written contract, but to prove what the court considered to be, from the circumstances of that case, the only agreement between the parties; the note of Girard having been given in part execution of that agreement, as far as it could be executed in the then unorganized state of the bank. That it was so given, and so intended by the parties, was obvious from the form and character of the note itself, which was equally evidence of, and applicable to, a common sale of bank stock, as to a special agreement, such as exists in that case. This case is altogether different from that; and indeed the counsel admits that his only object is to explain the written agreement by the parol evidence which he offers.

The defendant's counsel then contended before the jury, that the assignment ought to be so construed, as to compel the plaintiff to use all the necessary means to coerce the payment of the recognizances, before he could sue for his original debt;—that for aught that appears, he may have collected a considerable part, if not the whole amount, of those recognizances; and that, at all events, he now has the whole control over them as assignee.

Mr. Lowber, for plaintiff.
Mr. Keemle, for defendant.

WASHINGTON, Circuit Justice (charging jury). These recognizances were assigned to the plaintiff expressly as collateral security, and consequently they cannot be considered as payment, or satisfaction of the original debt, or as operating even to suspend the plaintiff's remedy to enforce the payment of it. This consequence may be produced, we admit, by a special contract to that effect; but none such exists in this case. The plaintiff is not bound by the terms of the assignment to collect the amounts of the recognizances, much less to pursue legal means to enforce payment of them. They are to be collected as he may think proper; and when collected, an appropriation of the money is made. If the plaintiff's right to sue for his original debt is suspended at all, it would be difficult to say at what time, or upon what contingency the suspension could be removed. The contract points out none, nor has the defendant's counsel undertaken to suggest any. If the evidence of debt assigned to the creditor be negotiable, and has been parted with by him, he cannot recover upon the original debt, because the debtor might, in such a case, be twice charged. But that is very different from the present case. These recognizances are not assignable, so as to enable the assignee to sue upon them in his own name. By payment of the original debt due to the plaintiff, the defendant becomes in equity, as he is in law, the owner of these recognizances, and entitled to collect their amount, or to enforce payment of them. If the plaintiff has received any part of their amount, the defendant, upon proving the same, (and it is for him to prove it) would be entitled, in this suit, to a credit pro tanto. But no evidence of this sort has been offered. The plaintiff is therefore entitled to a verdict for his whole demand.

Verdict accordingly.