O’Neall, J.
These two cases present the same question “ whether the Statute of Limitations of this state, is a good plea to an action of debt brought in this state, on a judgment recovered in another state?” Both the decisions of the Judges below (Gantt and Richardson) were, that the plea was not good; and with them I concur fully. The difficulties in which the question is involved, seem to me to arise from the footing on which judgments of a sister state have been too often considered: they have been sometimes regarded as precisely analogous to foreign judgments at common law. The Constitution and the Act of Congress, have been frequently entirely overlooked. In New York, a long train of decisions placed the. judgments of a sister state, on the footing of foreign judgments at common law; but in the case of Andrews v. Montgomery, 19 J. R. 162, the court, with Ch. J. Spencer at their head, retraced their steps, and conformed to the decision in Mill v. Duyree, 7 Cranch, 481. In this state, our error commenced with the case of Hammond & Hattaway v. Smith, 1 Brev. M. S. R. 112. 1 Brev. Dig. 317, (note): that *441 case simply determined that nil dibit and not nut lid record, was the proper plea to an action of debt on a judgment recovered in North Carolina. That decision was made in 1802, by Johnson, Trezvant, WaitieSj and Grimkie, against the opinions of Bay & Brevard the opinion of the lattei', I think, took the true ground. He said, “the decisions in England, in regard to foreign judgments cannot, in my judgment, apply to this' case. Foreign judgments are not there considered'' as records to which implicit faith is due ;■ they are' considered only as prima, jade evidence of a debt, and-may be examined into. They are regarded in the light of simple contracts, and either debt or assumpsit" may be maintained on them. 2 Vern. 541. 13 Vin. Ab. 414. Doug. 1. 1 Dall. 261. But surely this is-not the footing on which the solemn judgments and' judicial proceedings of the conrts of law,-of the several states, (united under the same general government and constituting the nation) are placed, in relation to each other state.” Johnson, J. who delivered the leading opinion of the majority, placed his decision on a ground which is wholly untenable. He said “upon the usual replication ‘ habetur tale recordum' the original record ought to he inspected; hut this is impossible. An exemplification of our own judgments is not evidence in such cases, and therefore an exemplification of the judgment of a sister state, certainly ought not to be.” It had escaped the attention of the learned Judge, that the common law, on which his judgment was formed, was in'the instance which he selected as the reason from which he drew his inference, altered by the Act of 1721, P. L. 117. The preamble to the clause, recites that “it may prove inconvenient to have the original records taken out of the respective offices, in order to he produced at the several courts in this province” ; to remedy this evil, it was enacted; that an attested copy of any acts or ordinances of the General Assembly of this province, signed by the secretary of this province, and also attested copies of all records, signed by the keeper of such records respectively, shall be deemed, and allowed for as good evi *442 dence in the said courts, as the original could or might have been, if produced to the said courts.” Under this Act, it is perfectly clear that an attested copy of a judgment obtained in this state, is as good evidence as the original in any state of the pleadings in a cause, and in any one of the different courts of this state. The question has not been, so far as my knowledge extends, directly made or decided: but in the case of Gage v. Sartor, 2 Con. Rep. (by Mill) 247, which was an action of debt on a judgment, the plea was nwl ticl i*ecord, the replication, I presume, the usual one, “habetur tale recordtm” ; the proof to support it was an exemplification of a judgment recovered in Lau-rens district. No objection was taken to the sufficiency of the proof, notwithstanding the learned counsel for the defendant (Mr. Crenshaw', now one of the Judges of Alabama) tasked his ingenuity to the uttermost, for objections arising out of the record, to prevent the plaintiff’s recovery. I think I may venture to say, that if the original record, and not the exemplification, ought to have been given in evidence, it would hardly have escaped the attention of three such lawyers as Mr. Justice Crenshaw, my brother Johnson (who was the plaintiff’s attorney) and the late Judge Nott, who presided at the trial on the circuit.
in a case subsequent to the case of Hammond & Hattaway v. Smith, Flournoy v. Durkey, decided November, 1808, 3 Brev. M. S. Rep. 192, the action was debt on a judgment recovered in Georgia, the plea nut tiel record; the replication averred the existence of such a judgment, and prayed that it might be inspected ; the proof was an exemplification of the judgment according to the Act of Congress; it was objected to as insufficient, on the ground that the original record ought to have been produced. The presiding Judge (Brevard) overruled.the objection, and his decision was sustained by the whole court. This decision, it seems to me, in effect reversed that in the case of Hammond & Hattaway v. Smith: and from *443 that time to this, the effect of a judgment of a sister state as evidence, has been regarded asan openques-hoc.
In Cameron v. Wurtz, 4 M’C. 278, it was held, that “in marshalling the assets of an insolvent estate, a judgment recorded in another state, only ranks as a simple contract.” That case however, does not touch the question to' be decided in this. The distinction was recognized in that case, that under the Constitution of the United States, the judgment, as matter of evidence, was entitled to full faith and credit. The authority of Mills v. Duryee, and Hampton v. M’Connel, was, by the Judge who delivered the opinion, supposed not to conflict with the decision then made.
In the case of Miller v. Miller, 1 Bail. 242, it was held that an action could not be maintained on a judgment recovered in another state, against a defendant residing in this, who had not been served with process to answer to the action, or who had not appeared to or defended the suit. That decision.went on the ground that the judgment could have no extra territorial operation : and out of the state in which it was recovered, it must, so far as it went to establish a liability on the part of the defendant, be treated as void.
These decisions of this state, are all which I have been able to find, which have glanced at the question before us ; and they, I think, leave us free to look to the Constitution of the United States and the Act of Congress, for the rule by which this case is to be decided.
The 1st Section, 4th Art. of the Constitution of the U. S. provides that “ full faith and credit shall be given in each state, to the public acts, records and judicial proceedings of every other state. And the Congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof.” The Act of Congress (1790) directs the manner in which “such acts, records ana proceedings shall be proved”; and then provides that “the said records and judicial proceedings, authenti *444 cated as aforesaid, shall have such faith and credit given to them, in every court within the United States-, as they have by law or usage, in the courts of the state from whence the said records are or shall be taken.” 1 Brev. Dig. 317.
After reading the Constitution of the United States and this provision of the Act of Congress, it would seem to be too plain to admit of doubt, that a recovery in another state, must, when authenticated as directed by the act, be regarded for all purposes of evidence in a cause in this state, to have precisely the same effect, as if the case was trying in the state where the judgment was recovered. This is giving effect to the words of the Constitution and the Act of Congress. Any other rule would deprive them of it. To say that it was only prima facie evidence of a debt by simple contract, is leaving us at common law, and declaring^ the states to bo foreign to each other in a matter wllere, by their Constitution, they have thought proper, in effect, to say c‘we are one people.”
The Constitution of the United States is the declared will of the people of each state, for their own government; and if South Carolina and her co-states liad thought proper to declare that the effect of, and the remedy for the enforcement of a judgment, should he the same out of, as within the state where it was recovered, we should have no right to say that the common law rule, which the Constitution -abrogated, should be setup. If this be so, to the extent of the proposition which I have stated, it cannot be doubted that, as the Constitution has declared that full faith and credit shall be given to the judgment, and authorized Congress to prescribe “the effect thereof ” and Congress has prescribed that it shall have such faith and credit given to it in every court within the United States, as it has by law or usage, in the courts of the state from whence the said record is, or shall be taken ; it must, when given in evidence, in a court of this state, be treated as a record. It does not stand as a foreign judgment at common law; the latter is not regarded as a record, the former is. When authenticated according to the Act of Congress, and re *445 •ceived in evidence in a cause, it is as a judgment of’ record that it is so received, and that we are obliged to regard it; it is conclusive of every thing ■ decided by it. The only question which arises under the plea •of the Statute of Limitations of this state to an action predicated on such a debt, is presented by reading the Act of Congress — “would such a plea be good in the ■courts of the state whence the judgment is?”' This question concedes to the judgment, the faith and credit which it would have at home; and this is giving effect to the Act oí Congress. It is not pretended that the plea would be good in the state from which the judgment comes; and therefore it cannot be good ■here.
In coming to this conclusion, it is gratifying to be sustained by the decision of the supreme court. In the case of Mills v. Duyee, 7 Cranch, 481, Judge Story, who delivered the opinion, speaking of the judgment of another state, said “if it be a record conclusive between the parties, it cannot- be denied, but by the plea of nul tiel record; and when Congress gave the effect of a record to the judgment, it gave all the collateral consequences. There is no difficulty in the proof It may be proved in the manner prescribed by the act, and such proof is of as high a nature as an inspection by the court, of its own record, or as an exemplification would be in any other court of the same state.’”
No evil is to be apprehended from such a decision. The question whether the court had jurisdiction of the person of the defendant or of the subject matter of the suit, will still remain open to investigation. If the court pronouncing this judgment, had no jurisdiction of the subject matter, the judgment would be necessarily void; if it had no jurisdiction of the person of the defendant, it could only operate in rent, and could not create a debt by judgment against the defendant, to be enforced in another state.

The motions to reverse the decision of the Judges below, are dismissed.

Johnson, J. concurred.
Harper, J, I concur in the result.