## W. F. WADLINGTON VS. JAMES L. COVERT.

1. BILL OF EXCHANGE: *Payment. Discharge of liability.*
   Whether an order taken on a third person is an absolute or conditional payment, or payment at all, of an antecedent debt, depends on agreement or circumstances, but without express agreement or special circumstances the receipt of the negotiable note of the debtor is not a payment. An order or bill of exchange drawn on a third person would not be in absolute discharge of an antecedent debt, unless it was accepted as such.

2. SAME: *Order to pay out of a specific fund is not a bill of exchange.*
   An order to pay a given amount out of a specific fund is not a bill of exchange. It is not payable generally or absolutely, and if the particular fund specified should fail or never be realized by the drawer, although he might have accepted, would be under no liability.

3. SAME: *Proof of payment.*
   It devolves upon the defendant to show that the promissory note of the debtor, or of a third person, or an order drawn against a special fund, was accepted by the plaintiff in payment of the antecedent debt, or the special circumstances out of which the presumption will arise.

ERROR to the Circuit Court of *Yazoo* County.

HON. W. B. CUNNINGHAM, Judge.

The first count of the declaration is on an open account of Covert, defendant in error, against W. J. Wadlington, one of the plaintiffs in error, for $312.18, due on December 31, 1867, for goods sold and delivered.

The second count is on a sight draft for $315, drawn by W. J. Wadlington, acting for himself and W. F. Wadlington, in favor of Covert, on J. J. Michie & Co., of New Orleans, dated February 8, 1868, against twelve bales of cotton then attached by Michie & Co., as the property of the Wadlingtons, this draft, when paid, to be a credit on the open account for $312.18.

That the draft was presented to Michie & Co., in a reasonable time for acceptance and payment, which was declined and refused by them; that plaintiff in error had no funds or cotton at or about that time in the hands of Michie & Co. with which to pay

the draft, and that the Wadlingtons had notice of this, and that they afterwards promised to pay to Covert the amount of said draft, but did not do so, and that the draft is unpaid, and is filed with the declaration and marked exhibit B.

Judgment for the amount of the account and draft, interest and costs, is demanded.

To the declaration, plaintiff in error pleaded the general issue, and gave notice of the payment of the account sued on by their sight draft for $315, payable to order of defendant in error, on J. J. Michie & Co., of New Orleans, Louisiana, dated the 8th of February, 1868.

On the trial, jury and verdict was in favor of defendant in error, and the court rendered judgment against plaintiff in error, for $423.87.

Motion for new trial by plaintiff in error:

1. Because the court erred in granting the instructions asked for by plaintiff (below).

2. Because the instructions given by the court are contradictory, and misled the jury, etc.

3. Because the jury found contrary to law and evidence.

This motion for a new frial was, by the court, overruled, and the plaintiff in error thereupon excepted.

*Bill of Exceptions.* Richard Prichard, witness for defendant in error, testified: That he had the draft of plaintiff in error, in favor of defendant in error, on J. J. Michie & Co., for $315 in his possession; that he received it from Covert, the defendant in error; that the draft was not paid, as the cotton against which it was drawn had been sold by his firm, and that the draft was returned to defendant in error.

The following errors are assigned:

1. That the court erred in granting the instructions asked for by plaintiff.

2. Because the instructions given by the court are conflicting and contradictory, and misled the jury.

3. Because the jury found contrary to the law and the evidence.

*Miles & Epperson*, for plaintiff in error.

Under the facts we insist:

1. That it was the duty of the defendant in error to have presented the draft for payment to Michie & Co. within a reasonable time.

2. That the failure to do so discharged the debt due by plaintiff in error. Camidge *v.* Allenby, 6 Barn. & Cres., 373, (13 Eng. C. L., 201); Smith Merc. Law, (3 ed.), 312 ; 1 Parsons on Con. (5 ed.), 269–70; Story on Bills, 108, 231, 375; 13 S. & M., 541; Rucker *v.* Hiller, 16 East, 43; French *v.* Bk. Columbia, 4 Cranch, 142; Dickins *v.* Beal, 10 Pet., 572; Dunbar *v.* Tyler, 44 Miss., 1. The instructions were erroneous, conflicting and contradictory, and misled the jury. The receipt given for the draft by the defendant in error states that the draft satisfied his claim on the twelve bales of cotton, provided the draft was paid.

*Robert S. Hudson* and *Garnett Andrews*, for defendant in error:

There is no error, it seems, in the case, or if any, not sufficient to warrant a reversal. It is proven that the draft was not taken in payment of the account, and that the account was never paid. The receipt of Covert expressly provided that the draft was no payment of the account, unless it (the draft) was paid. It never was paid, as all the proof shows. Michie applied the proceeds of the cotton to a demand against Wadlington, as they were to be first paid. A note or draft is no payment, unless so accepted. Guion *v.* Doherty, 43 Miss., 538; Taylor & Myers *v.* Conner, 41 id., 728; 5 Johns., 68; 9 id., 310; 7 Term. R., 60; 6 id., 52. Covert was clearly entitled to recover on the original account and debt, upon which he also sued and declared in his second count. It was not such a draft as was entitled to protest and notice. Chitty on Bills, 11 Am. (9th Lond. ed.), 137; Story on Bills, title Special and Contingent Bills.

SIMRALL, J., delivered the opinion of the court.

The acceptance of the negotiable note of a third person, for an antecedent debt, unless taken in payment and satisfaction, has no

effect upon the rights and liabilities of parties to the original debt. Kemmil *v.* Wilson, 4 Wash. C. C., 308; Bank of Pennsylvania *v.* Potius, 10 Watts, 148.

If not received in payment it will be collateral security. Whether it will be treated as a security or as a conditional discharge, or in absolute payment, depends on the agreement and understanding of the parties, or the circumstances of the case. Herring *v.* Sanger, 3 Johns. Cas., 71; Chapman *v.* Steinmetz, 1 Dall., 261. As to the effect of the acceptance of the debtor's own negotiable note for his antecedent debt, the authorities in the United States are not agreed. It seems to have been held in New York, though accepted in satisfaction, it cannot in law have that effect. Putnam *v.* Lewis, 8 Johns., 389. Hawley *v.* Foote, 19 Wend., 516, was the case of an order on a third person. The weight of authority is, however, to the effect whether an absolute discharge of the precedent debt or as conditional payment, or whether in payment at all, depends on agreement or circumstances. But without express agreement or special circumstances, the receipt of the negotiable note of the debtor is not a payment. Jaffrey *v.* Cornish, 10 N. H., 505; Dougal *v.* Cowles & Smith, 5 Day, 511; Darlington *v.* Gray, 5 Whart., 487. Such is the doctrine of this court. Guion and wife *v.* Doherty, 43 Miss., 553–4–5, and cases cited.

It would follow then that the order or bill of exchange drawn by Wadlington on Michie & Co. in favor of Covert, would not be an absolute discharge of the antecedent debt, unless accepted as such. It is contended on behalf of the plaintiff in error, that the debtor who took this bill of exchange, as it is called, was bound to use due diligence to collect it by presentment for payment, and notice to the drawer of nonacceptance or [non]payment unless under the circumstances that was necessary. But is the contract a bill of exchange in the sense of commercial law? It is as follows:

" Messrs. J. J. MICHIE & Co: Please pay to the order of J. L.

Covert, three hundred and fifteen dollars, out of the twelve bales of cotton attached by you.　　　　M. F. WADLINGTON.

"Yazoo City, February 8, 1868."

To understand the import of the writing, recurrence must be had to the circumstances connected with it. W. F. Wadlington, the defendant, was indebted to Covert to the amount of $315, and as a means of payment had delivered to him twelve bales of cotton, to be shipped to Michie & Co. at New Orleans, charged on the bill of lading with that sum. By mistake of the shipping clerk, the cotton was consigned to Pritchard. Michie & Co. and Pritchard were advised of the mistake, and Pritchard was directed to turn the cotton over to Michie & Co., upon their paying to him for Covert the $315. Michie & Co. declined to do this, but at-tached the cotton or its proceeds, for a debt which Wadlington owed them. Pritchard had sold the cotton, and on the advice of counsel, paid over the proceeds to Michie & Co. in settlement of the attachment suit, and before it went to judgment. The order given by Wadlington to Covert was, that he might realize his debt out of the cotton according to the original arrangement. It recognized the existence of the attachment suit brought by Michie & Co., and that by means of it, the cotton or its proceeds would go to them. In fact, the money had been paid over ten or fifteen days previously, and Covert and Wadlington may have been advised of it. It is in testimony that Michie & Co. would have paid the debt to Covert if the cotton had been received by them. But as they obtained the proceeds through their attach-ment, they credited it to the indebtedness of Wadlington to them. It is very plain that the instrument is not a bill of exchange; it is not payable generally and absolutely, but is payable out of a particular fund. If that fund should fail, or never be realized by the drawer, although he might have accepted, he would be under no liability. It is essentially like the order in Van Vacter v. Flack, 1 S. & M., 398.

If the order had been accepted, it would have been an equitable

assignment *pro tanto* of the fund drawn against.  Fitch *v.* Stamps, 6 How., 495 ; 5 Peters, 598.   It was held in Mandeville *v.* Welch, 5 Wheat., 286, that an order drawn against the part of the fund does not amount to an assignment of that part, or give a lien against the drawer, unless he consents by an acceptance of the order.   The reason assigned is, that the creditor shall not be permitted to divide up his cause of action without the assent of the debtor.   He has the right to stand upon his original contract and to decline any legal or equitable assignments by which it may be broken into fragments.   It was not a part of his original engagements, that he shall be obligated to pay in fractions to other persons.   The same principle was asserted subsequently in 5 Peters, 598.   The instrument not being a bill of exchange, the rules, in respect of presentment for acceptance, payment and notice of refusal by the drawee, do not apply to it.   The utmost that could be required of the payee of the order is, that he should, within a reasonable time, bring it to the notice of the drawee for payment or acceptance ; and if by laches or negligence the drawee should sustain loss, then he would be discharged from the original debt.   The testimony shows that the order was given by Wadlington so as to authorize Michie & Co. to pay the amount out of the cotton to Covert, if Covert had held up the order, until Michie & Co. may have become insolvent, and thereby the proceeds of the cotton were lost to Wadlington, then Wadlington would have been discharged of his indebtedness to Covert.   But the proof shows that Wadlington got the benefit of the money by its application to his debt to Michie & Co.   There is no petense that he has been injured.   It is not the case of the transfer to the debtor of a promissory note or bill of exchange of a third person as collateral for the debt, where, if diligence is not used in making the demand and giving notice, the indorser or the drawee will be discharged.   In such case, if those parties are released by the negligence of the debtor, and thereby the paper becomes valueless, the debtor ought not to be held on his liability to the creditor.   But the creditor is not required to do more than make the

proper demand and give the notice so as to fix the liability of the parties to such commercial paper.   He is not bound to sue upon it, but may at once pursue his debtor upon his original demand. Kemmil *v.* Wilson, 4 Wash. C. C., 308 ; Ripley *v.* Greenleaf, 2 Vt., 129 ; Bank of Pennsylvania *v.* Potius, 10 Watts, 148.   The creditor may pursue all his securities at once by suit on the original liability, and also upon the collateral note or bill of exchange.   Lishy *v.* O'Brien, 4 Watts, 141.

On one point the testimony is conflicting, viz: Pritchard states that the order was indorsed or handed to him, and very shortly after its date it was presented to Michie & Co.   Randolph, member or that firm, says that the order was not presented.   The instructions given to the jury at the prayer of the defendant were very favorable to him.   The first one directs the jury "that if they believe that Covert never presented said draft to Michie & Co. for payment, by such nonpresentment, within a reasonable time, he made it his own, and it operated as a full payment of the account sued on, and the law is for the defendant, and the jury will so find."   Under that instruction, the jury could not have found for the plaintiff, unless they had believed the testimony of Pritchard and rejected that of Randolph.   But the second instruction presents the same proposition in a different phase, namely : That "if Wadlington had reasonable grounds to believe that Michie & Co. would accept and pay the draft, and the draft was never presented for payment or acceptance, then the jury should find for the defendant."

We are satisfied that the verdict is in accordance with the justice of the case, and affirm the judgment.