### JULIUS MENKEN ET AL. *v.* S. GUMBEL.

1. ATTACHMENT. *Interpleader. Judgment. Res inter alios acta.*
   The judgment sustaining an attachment, upon the ground that the assignment of a fund in a garnishee's hands is fraudulent, does not bind the assignee upon the trial of the issue under his claim by way of interpleader.

2. ASSIGNMENT. *Balance to be settled. Attachment.*
   Acceptance of an order to pay a specific sum out of any balance due on settlement with the drawer takes precedence of a garnishment in attachment against the drawer, which is served on the acceptor before settlement.

3. SUPREME COURT. *Practice. Agreed case. Judgment on reversal.*
   Upon reversing the decision of a circuit judge to whom the case was submitted on an agreed statement of facts, the Supreme Court will direct the proper judgment to be entered.

ERROR to the Circuit Court of Yalobusha County.

Hon. J. W. C. WATSON, Judge.

*J. J. Slack,* for the plaintiffs in error.

The assignment is valid, and as it preceded the attachment the claimants are entitled to be first paid. *Swisher* v. *Fitch,* 1 S. & M. 541; *Farmers' Bank* v. *Douglass,* 11 S. & M. 469; *Surget* v. *Boyd, ante,* 485. The plaintiffs in error are in no manner bound by the verdict, to which they were not parties.

The accepted order was an assignment *pro tanto*. In the case of *Manderville* v. *Welch*, 5 Wheat. 277, the court said that if an order drawn against a particular fund is accepted, it amounts to an assignment of that much of the particular fund. The same doctrine was held in *Munger* v. *Shannon*, 61 N. Y. 251; *Ehrichs* v. *DeMill*, 75 N. Y. 370; *Spofford* v. *Kirk*, 97 U. S. 484; *Clodfelter* v. *Cox*, 1 Sneed, 330; *McLin* v. *Wheeler*, 5 Sneed, 687. In the case of *Wadlington* v. *Covert*, 51 Miss. 631, this court, referring to a similar order, said that if it had been accepted it would have been an equitable assignment *pro tanto* of the fund.

*A. H. Whitfield*, for the defendant in error.

The verdict on the plea in abatement is conclusive of the fact that Duke fraudulently disposed of his property. It establishes Duke's fraud; and, as this was a mere security, Menken Brothers cannot escape on the ground of their own innocence. *Davidson* v. *Moss*, 5 How. 673; *Swisher* v. *Fitch*, 1 S. & M. 541; *Farmers' Bank* v. *Douglass*, 11 S. & M. 469; *Johnston* v. *Dick*, 27 Miss. 277; *Hunt* v. *Knox*, 34 Miss. 655; *Stanton* v. *Green*, 34 Miss. 576; *Thomason* v. *Neeley*, 50 Miss. 310; *Hutchins* v. *Sprague*, 4 N. H. 469. But there has been no settlement between Duke and Combs, and for that reason Menken Brothers are not entitled to these assets. Laying the verdict in attachment out of view, the cases of *Van Vacter* v. *Flack*, 1 S. & M. 393; *Wadlington* v. *Covert*, 51 Miss. 631; and *Shackelford* v. *Hooker*, 54 Miss. 716, are conclusive against Menken Brothers.

George, C. J., delivered the opinion of the court.

The defendant in error sued out an attachment against F. M. Duke, upon the ground that he had assigned, or was about to assign, his property with intent to defraud his creditors, or give an unfair preference to some of them, and summoned J. L. Combs as garnishee. On the trial of the plea in abatement, the attachment was sustained. Combs, who was the assignee in the transaction upon which the attachment was sued out and sustained, answered that he had certain choses in action in his hands which belonged to Duke, but suggested that, by virtue of an order given to him by Duke in favor of Menken

Brothers, a firm composed of Julius Menken and another, fourteen hundred dollars of the amount had been assigned to said Menken Brothers, and asked that they be summoned to propound their claim. Menken Brothers appeared, and made their claim, which was based on the following paper, given three days after the assignment to Combs:

"Dr. J. L. Combs:                                   May 18, 1877.

Pay to Menken Brothers or order fourteen hundred dollars out of any balance due me upon settlement, the amount paid on this order to be a credit on my account with Menken Brothers.                                   F. M. DUKE."

The order was accepted by Combs on the same day in the following words: " Accepted with the following condition, if any thing is due F. M. Duke on settlement Jan. 1, 1878, or thereafter.                                   J. L. COMBS."

It was shown, in opposition to the claim of Menken Brothers, that the attachment was sustained on the ground that the assignment of the choses in action in the hands of the garnishee, and other property, was fraudulent; that Combs had paid back to Duke three thousand dollars out of the assigned assets; and that no settlement had been made between Combs and Duke. There was no other proof of fraud in the assignment to Combs than as above stated. The adjudication in the attachment suit that the assignment was fraudulent, was *res inter alios acta*, so far as Menken Brothers were concerned, as they were no parties to it. So far, therefore, as their rights are to be affected, that assignment is to be treated as fair and *bona fide*, if there is nothing but the adjudication to condemn it. The giving of the order upon Combs, and its acceptance by him, were an assignment to them of so much of the funds or assets in his hands as was necessary to pay it. *Mandeville* v. *Welch*, 5 Wheat. 277 ; *Spofford* v. *Kirk*, 97 U. S. 484 ; *Wadlington* v. *Covert*, 51 Miss. 631. The fact that no settlement had been made between Combs and Duke did not lessen the rights of Menken Brothers. The stipulation in the acceptance, and in the order on that subject, was merely

for the benefit of Combs, and was not intended as a condition precedent to the vesting of the rights of the payees in the order. If Combs failed to make the settlement, he could not plead his own negligence to defeat the rights of others; nor can the plaintiff in attachment make such plea. The judgment of the court below is reversed, and as the cause was submitted to the judge of the Circuit Court on the law and the facts, upon an agreed statement of the facts, we direct judgment to be entered here for the claimants, who will be entitled to satisfaction prior to the plaintiff in attachment.                    *Judgment accordingly.*