FIELD et al. v. HASTINGS & BRADLEY CO. et al.

(Circuit Court, N. D. Iowa, W. D. January 3, 1895.)

**1. Equity Pleading—Bill of Discovery—Sufficiency of Answer.**

Since parties in interest have been made competent to give testimony as witnesses, bills for discovery have become obsolete, save in exceptional cases, and the rules applied to answers in cases wherein discovery was sought, under the former practice, are not now the proper guides for determining the sufficiency of an answer.

**2. Same.**

A bill in equity charging fraud should state the facts relied on with sufficient particularity to justify the conclusion, and to apprise the defendant of what he must meet in the way of evidence; but this should be done without undue minuteness of detail, and, if the bill contains details of evidence not necessary to be averred as matter of sufficient pleading, an answer which fairly meets the general facts properly pleaded in the bill will not be held insufficient simply because it does not fully admit or deny every matter alleged, so as to relieve the complainant of the necessity of adducing evidence.

**3. Same—Impertinence.**

A creditors' bill alleged the recovery at law of a judgment against the principal defendant. The answer of two of the defendants other than the judgment debtor averred that the court had no jurisdiction to render such judgment at law, for reasons which in effect amounted to an allegation that the court had decided erroneously one of the issues in the case. *Held,* that such allegation was immaterial, and should be stricken out as impertinent.

This was a creditors' bill by Marshall Field and others against the Hastings & Bradley Company and others. The defendants having answered, the complainants except to the answers for impertinence and insufficiency.

Chase & Dickson, for complainants.

E. C. Roach, for defendants.

SHIRAS, District Judge. In the bill filed in this case the complainants aver that on the 22d day of May, 1894, they obtained judgment on the law side of this court for the sum of $2,019.27 against the Hastings & Bradley Company; that execution thereon has been duly issued, and returned unsatisfied; that the judgment defendant has made a fraudulent transfer of its property to its codefendants, the details of the transaction claimed to be fraudulent being set out at length. The bill prays a decree setting aside the alleged fraudulent transfers of property, and expressly waives answer under oath. The defendants having filed answers to the bill, the complainants except thereto for impertinence and insufficiency, and upon the questions thus presented the case is now before the court.

In support of the exceptions are cited the rules laid down in regard to answers filed to bills for discovery. When it was necessary to resort to equity in order to obtain the testimony of a party interested in a matter in suit, courts, in order to compass the purpose sought, enforced the rule that a party must answer fully the statements of fact contained in the bill, and must make complete discovery of all

facts within his knowledge pertinent to the matters in issue. A party thus called upon to answer was in fact called upon to give testimony, and an answer which might be entirely sufficient as a pleading might be held insufficient when viewed in the light of being a response to the interrogatories in the bill contained. The answers in the case now before the court are not to be viewed in the latter light. As parties in interest are now made competent to give testimony as witnesses, all need for a resort to a bill for discovery is done away with, except possibly under peculiar, and therefore exceptional, circumstances. Thus in Preston v. Smith, 26 Fed. 884–889, Brewer, J., said:

"I do not understand that a bill can be sustained solely for the sake of discovery; at least, that is the general rule. Indeed, bills of discovery are rarely, of late, resorted to."

In Ex parte Boyd, 105 U. S. 647, 657, it is said:

"It follows, then, that although at one time courts of equity would entertain bills of discovery in aid of executions at law, because courts of law were not armed with adequate powers to execute their own process, yet the moment those powers were sufficiently enlarged by competent authority to accomplish the same beneficial result, the jurisdiction in equity, if it did not cease as unwarranted, would at least become inoperative and obsolete. A bill in equity to compel disclosures from a plaintiff or a defendant of matters of fact peculiarly within his knowledge, essential to the maintenance of the legal rights of either in a pending suit at law, would scarcely be resorted to, unless under special circumstances, now, when parties are competent witnesses, and can be compelled to answer under oath all relevant interrogatories properly exhibited."

The bill in the case now before the court is not merely for discovery, but is for substantial relief, and is therefore maintainable in equity; but it is also true that in determining the sufficiency of the answers the rules applied to answers in cases wherein discovery was sought under the practice formerly in force, but now practically obsolete, are not now the proper guides for determining the sufficiency of an answer. As already stated, the bill expressly states that the defendants are not required to answer under oath, and therefore, under the provisions of equity rule 41, unless the case is set down for hearing on bill and answer, the answer cannot be held as evidence for the defendants; and, furthermore, as the bill does not contain any special interrogatories, it is entirely clear that the complainants' bill must be treated as one for relief only, and the sufficiency of the answers is to be determined as a matter of pleading. While it is true that when a bill charges fraud as a basis for relief it should state the facts relied upon with sufficient particularity to justify the conclusion sought to be based thereon, and also to apprise the defendant of what he must meet in the way of evidence, this should be done without prolixity, and without undue minuteness of detail. Railway Co. v. Johnston, 133 U. S. 566–577, 10 Sup. Ct. 390; U. S. v. American Bell Telephone Co., 128 U. S. 315, 356, 9 Sup. Ct. 90. If the bill, out of abundant caution, contains recitals of matters which in fact are details of the evidence upon which the complainant relies, and not necessary to be averred as a mat-

ter of sufficient pleading, and the answer thereto, by way of admission, denial, or both, fairly meets the general facts properly pleaded in the bill, it will not be held insufficient simply because it does not fully admit or deny every matter alleged in the bill, so as to relieve the complainant of the necessity of adducing evidence in support of the allegations of his bill. Thus it is alleged in the bill that on the 22d day of May, 1894, the complainants obtained judgment against the Hastings & Bradley Company for a named sum in this court, and in the joint answer of B. L. Richards and the First National Bank it is averred that they have not sufficient knowledge in regard thereto to admit the allegation, and therefore deny the same, and exception is taken thereto on the ground that the defendants should have ascertained the truth of the matter, and answered accordingly. The fact of the rendition of the judgment in question is a matter known to the complainants, and not peculiarly nor necessarily at all within the personal knowledge of the defendants whose answer is excepted to; and the defendants cannot be compelled to search the records in order to ascertain the truth of an alleged fact, the proof of which is fully within reach of the complainants. A large part of the exceptions seem to be based upon the theory that it is the duty of the defendants to fully ascertain the truth of the matters alleged in the bill, and, by admitting them, to relieve the complainants of the necessity of adducing evidence in support of their case. The answers, by admission or denial, meet the substantial allegations of fact contained in the bill, and, being sufficient as pleadings, cannot be held to be insufficient on any other ground. There is, however, one allegation in the answer of B. L. Richards and the First National Bank which is immaterial, and to which the exception of impertinence is well taken. In the fifth paragraph of the joint answer of these defendants it is in substance averred that the court did not have jurisdiction to render the judgment in the law action, because that action was based upon accounts due to C. P. Kellog & Co. and Hibbard, Spencer & Co., as well as on an account due complainants; and it is averred that the accounts of the former parties were transferred to complainants in form only, and were so transferred to create a sum in controversy in excess of $2,000. In the action at law the fact of the assignment or transfer of the accounts in question was duly averred, and was a matter in issue in that case. The judgment rendered could not have been entered except upon evidence satisfying the court that these accounts had been duly assigned, and were in fact owned by the plaintiffs in that action. The attack now sought to be made on the validity of the judgment at law is purely collateral. The court had jurisdiction over the person of the defendant in that case. The judgment is therefore not void, and it cannot be collaterally impugned. A dismissal of the present bill would not affect the judgment at law, and that is the only relief grantable to defendants in the proceedings now before the court. The argument based upon the proposition that the defendants Richards and the First National Bank were not parties in the law action, and cannot be bound by a pro-

ceeding in which they could not be heard, is not applicable to the question at issue. As a basis for a creditor's bill, it is necessary that the creditor should establish his claim by a judgment at law, and exhaust without avail his legal remedies for the collection thereof. In the present instance the complainants brought an action at law against their debtor, the Bradley & Hastings Company. Proper service was had upon the defendant within the territorial jurisdiction of the court, and upon the hearing in that case judgment was rendered for the plaintiffs, and the same remains unreversed and in full force upon the record. In the bill filed the complainants recite or aver the rendition of the judgment, and the issuance and return unsatisfied of execution thereon. The answer excepted to does not seek to show that the court was not of competent jurisdiction, or that it did not have jurisdiction over the defendant personally, or that there was a lack of proper service of process upon the defendant, or any other matter which would show that upon the face of the record the court was without jurisdiction in the law action; but, in effect, the plea is that the court erroneously found and held that the accounts due Kellog & Co. and Hibbard, Spencer & Co. had been duly assigned to the plaintiffs, so as to confer on them a right of action on the assigned accounts. If the defendants Richards and the bank could be permitted to question or attack the judgment thus rendered, it could not be done collaterally, as is attempted in the present proceeding; but in fact, for the purposes for which the judgment at law is pleaded in the present bill, it is not open to attack in any form by these defendants.

As already stated, it is necessary, in order to sustain a creditor's bill, that the creditor should obtain a judgment at law against his debtor upon his claim. The fact necessary to be shown in aid of the creditor's bill is an existing judgment, valid on its face; and it is not open to a defendant to the creditor's bill to aver that the bill should be dismissed because, if the court at law had correctly decided certain questions of fact and law, the judgment would not have been rendered. In entertaining the creditor's bill, the court in equity is not sitting as a court for the correction of errors, either of law or fact, committed by the court in the law action. The judgment at law, if valid on its face, is sufficient to sustain the creditor's bill, and it is not open to a defendant to the creditor's bill to aver that it was erroneously entered, though valid on its face. The judgment in question was rendered by a court of competent jurisdiction. The defendant being duly served with process, and the judgment being valid on its face, and not being appealed from or otherwise directly attacked, it cannot be impeached in the method sought in the present case. Strictly speaking, the fact to be proven is the existence of a judgment at law against the debtor, valid on its face, and this is proven by the production of the record containing the necessary recitals; and the fact of the existence of the judgment is not disproved by averments to the effect that the court rendering it was misled or mistaken as to the facts of the case. In other words, the question whether the court was mistaken or deceived as to matter of law

or fact, and therefore erred in rendering judgment, is not in issue in this case, and allegations to that effect are immaterial, and must be stricken out as impertinent. It does not follow, however, that the defendants Richards and the bank, who were not parties to the action at law, are bound by the judgment as an adjudication upon matters of fact necessary to be proven against them. The effect of the judgment as an adjudication upon matters of fact is a separate and distinct question from that of the right of the defendants to assert in a collateral proceeding that it was erroneously entered.

The exception to the fifth paragraph of the joint answer of B. L. Richards and of the First National Bank is sustained, but the other exceptions to the answers filed are overruled.