DEFIANCE WATER CO. v. CITY OF DEFIANCE et al.

(Circuit Court, N. D. Ohio, W. D. March 16, 1900.)

No. 1,473.

FEDERAL COURTS—PENDENCY OF SUIT IN STATE COURT—STAY OF PROCEEDINGS.
The pendency of a suit in a state court, where that court has not taken possession or control of any property for the purposes of such suit, is not a bar to the prosecution of a suit in a federal court involving the same subject-matter, and affords no ground upon which the latter court can rightfully order a stay of proceedings to favor those in the other jurisdiction.[1]

In Equity. On motion by defendants for a stay of proceedings.

Henry & Robert Newbegin, for complainant.
Harris & Cameron and Geo. T. Farrell, for defendants.

SEVERENS, Circuit Judge. In this case the defendants have moved for a stay of proceedings to abide the decision of the state courts of Ohio of a case there pending between these parties, involving the merits of the present controversy. This motion is based upon the ground that, the suit in the state court having been first commenced, that court had obtained jurisdiction of the subject-matter, and that this court ought not to proceed with the present case until

[1] As to jurisdiction as affected by possession of the subject-matter of controversy, see note to Adams v. Trust Co., 15 C. C. A. 6.

the determination of such former suit. It is undoubtedly the rule that, where either the state or the federal court has, in a case pending before it, taken control of certain property, which it retains for the purpose of subjecting it to a final decision thereof, the federal court in the one case or a state court in the other has no rightful authority to disturb that possession; and the determination of the court thus having possession will finally determine its status. So, also, it has been determined in the federal court that when a final judgment has been rendered therein in a case which binds one of the parties to such judgment the federal court will enjoin the defeated party from prosecuting a suit in the state court for the purpose of depriving the other party of the fruits of the judgment. Probably the same rule would apply where a judgment has been rendered in a state court, and the defeated party was seeking to defeat the other party through a suit instituted in the federal court. On the other hand, the rule is well settled that, where there is a mere controversy between the parties without the possession by the court of any property taken under its control for the purposes of the suit, the pendency of a suit in the state court involving the same subject-matter is no bar to the prosecution of a suit in a federal court. See Ball v. Tompkins (C. C.) 41 Fed. 486, where the distinctions are pointed out, and Morris v. Lindauer, 6 U. S. App. 510, 4 C. C. A. 162, 54 Fed. 23; Rothschild v. Hasbrouck (C. C.) 65 Fed. 283. It follows that the complainant in this case has the right to proceed with the suit in this court, and the court is bound to entertain such suit in the ordinary course. While this court will not go out of the ordinary course of procedure for the purpose of expediting the case so as to anticipate a judgment of the state court, it has no authority to hinder the plaintiff in bringing the case forward to judgment for the purpose of favoring proceedings in any other jurisdiction. The plaintiff will therefore be at liberty to enter the usual order for the taking of testimony under the rules, and, if it shall be found that the time thereby provided for the taking of testimony is too short, application may hereafter be made for an extension of time upon showing sufficient cause therefor.