[No. 4351.]

THE BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY v. SCHRADSKY.

1.  **Res Judicata—Dismissal—Jurisdiction.**

A judgment of dismissal of a suit for want of jurisdiction of the subject-matter is not res judicata of the cause of action.

2.  **Same—Party at Interest.**

The dismissal of an action in the federal court on negotiable bonds, on the ground that the plaintiff, a non-resident of the state, was not the real owner of the bonds but that they belonged to a resident of the state, and therefore the federal court had not jurisdiction, does not operate as a bar to a suit by the same plaintiff on the same bonds in the state court.

3.  **Negotiable Instruments—Assignee—Pledgee—Parties.**

An assignee or pledgee of a negotiable instrument may maintain suit thereon in the courts of this state, in his own name and it is immaterial what consideration was paid therefor, or whether plaintiff's title is absolute or conditional.

4.  **Practice—Pendency of Another Suit on Same Cause—Writ of Error.**

The fact that a writ of error is pending in the United States supreme court to a judgment of the circuit court dismissing an action for want of jurisdiction, no supersedeas being granted, does not prevent an action from being brought in the state court by the same party upon the same cause of action.

*Appeal from the District Court of Arapahoe County.*

Mr. CHARLES CAVENDER and Messrs. THOMAS, BRYANT & LEE, for appellant.

Mr. H. B. JOHNSON, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is a suit on coupons cut from negotiable judgment bonds issued by Lake county. Both the bonds and coupons are payable to bearer. The answer sets up a number of defenses, only two of which are material upon this appeal. The one is that the plaintiff is not the real party in interest, but that she took the coupons for the sole purpose of enabling her, a non-resident of the state of Colorado, to bring suit upon the same in the United States circuit court for the district of Colorado, and, therefore, she cannot maintain an action in the state courts. The other is that there is a former suit pending between the same parties on the same cause of action.

1. To establish the first defense, the defendant offered the same evidence given in a former action on the same coupons between the same parties in the circuit court of the United States for the district of Colorado, tending to show that while the plaintiff held them under a bill of sale absolute on its face, as a matter of fact, the transaction was not a sale, but virtually a loan, the plaintiff paying at the time of delivery of the coupons, which amounted to more than seven thousand dollars, less than a thousand dollars, and various other sums from time to time thereafter and down to the beginning of this action; and that the agreement and understanding was that upon the conclusion of the suit and the recovery of judgment, the amount collected was to be paid over to the real owner, the assignor or pledgor, less what money had been paid to him prior to that time by the assignee or pledgee, with interest at one per cent a month.

In the former suit to which reference is made in this offer, namely, *Board of Commrs. of Lake Co. v. Schradsky*, 97 Fed. Rep. 1, the United States circuit court of appeals for the eighth circuit reversed the judgment of the circuit court of the United States for the district of Colorado in plaintiff's favor upon the

ground that the evidence before the latter court was at least sufficient to go to the jury to sustain the claim made by defendant that the coupons in suit were, in fact, owned by a citizen of the same state with the defendant municipal corporation, the maker of the bonds, and that the alleged transfer to plaintiff was merely colorable, and for the purpose of enabling suit to be brought in the United States court, and, as such, a fraud on its jurisdiction; and that the lower court should have dismissed the suit as collusive, or, if not fully satisfied thereof, should have granted defendant's request to submit that issue to the jury under proper instructions. The circuit court at the second trial dismissed the action for lack of iurisdiction.

As we understand the argument of appellant it is that since the federal court, upon this evidence in the action before it, found that the transfer of the coupons to the plaintiff was merely colorable, or that plaintiff was not the absolute owner, at least tended to make a case for the jury upon that issue, and so dismissed the action for want of jurisdiction; it follows that plaintiff cannot sue in the state court. For, they say, if plaintiff was not the real owner when she brought suit in the federal court, she is not now; and if that fact prevented her maintaining that suit it has the same effect here.

This conclusion is not tenable. And it is not true that plaintiff is not "the real party in interest" in the sense in which those words are used in section 3 of our code. If the federal court did not have jurisdiction over the subject-matter of the suit, neither its finding that the transfer was collusive, nor its judgment of dismissal for want of jurisdiction operates to extinguish plaintiff's right of property in these coupons, or prevents her from bringing suit in the state court to enforce their collection, and that, too, even

though she is only a pledgee. A judgment of dismissal of a suit for want of jurisdiction of the subject-matter is not *res adjudicata* of the cause of action. Under the uniform construction of the act of congress, which is the source of the jurisdiction of the federal circuit courts, unless a transfer or sale of a cause of action to a non-resident is absolute, and the assignor has parted with all interest therein, the assignee may not maintain an action thereon in such circuit court against a citizen of a different state. If the sale be absolute, the motive of the transfer cannot be investigated. If colorable, or fictitious, or if the assignor retain some interest therein, upon such fact being established, the court proceeds no further but dismisses the action. Such dismissal, however, has no bearing upon the right of a plaintiff to sue in the state courts, if his interest in the cause of action, even though not absolute, would, under the local laws, entitle him to maintain it therein in the first instance, though such right to invoke the jurisdiction of the federal court is lacking. And the fact that the federal court has dismissed a suit because the interest, or title, of the plaintiff assignee is not absolute, is not a bar to a subsequent suit in the court of the state where the defendant resides.

The bill of sale under which plaintiff holds was absolute on its face, and she had possession of the coupons, which were payable to bearer, and brought them into court in this action, and surrendered them for cancellation. The offer of proof in support of this defense, as made by counsel themselves, was that the transaction between plaintiff and Gen. Johnson, the former, and, as they say, still "the real owner" of the coupons, was virtually a loan. If that is true, and for the purposes of this case we may assume that it is, plaintiff unquestionably has the right to maintain the action. An assignee or pledgee of a nego-

tiable instrument may maintain suit upon the same, and, in the courts of this state, it is not a proper subject of inquiry by the maker, when such suit is brought, that no consideration therefor was paid, or that the pledgee's title is not absolute and unconditional. The maker is protected by the judgment against him from further suit by the pledgor or assignor.—*Bassett v. Inman,* 7 Colo. 270; *Moulton v. McLean,* 5 Colo. App. 454; *Walsh v. Allen,* 6 Colo. App. 303; *Robinson Reduction Co. v. Johnson,* 10 Colo. App. 135; *Gumaer et al. v. Sowers, ante,* p. 164.

In 18 Amer. & Eng. Law (1st ed.), 681, 682, and in the 22d volume of the 2d edition, pages 894, *et seq.,* a number of authorities are collected which sustain the text which declares that when a negotiable instrument, either before or after maturity, is transferred and delivered to a creditor as collateral security, the control thereof passes to the pledgee, and it is his right and duty to enforce payment when the same falls due, though the pledgor's debt to the pledgee, for which the latter holds the security, is less than the amount of the collateral. It is also held that such pledgee is the legal holder, has the legal title, and therefore is "the real party in interest," and may bring suit upon it in his own name. For additional authorities see 14 Enc. Pl. & Pr., 435, 436.

This offer of proof was properly refused as, even if it abundantly established the ultimate fact alleged that the transfer was a loan. it would be no defense to the action.

Counsel cite the case of *Wonderly v. Lafayette County,* 150 Mo. 635, 648, to the proposition that where a judgment has been obtained in a federal court as the result of a fraud practiced upon its jurisdiction, a bill of equity will lie in the proper state court to set it aside because of the commission of such fraud. With due respect to counsel, we do not see

what bearing that decision has upon the case here. In the opinion of the supreme court of Missouri it is expressly stated that the plaintiff in the action in the federal court never owned the bonds in suit, that the true ownership was known only to him and the true owner, and they fraudulently concealed this fact from the defendant and prevented him from making that defense thereon, as well as another meritorious defense which he had. Not having any interest whatever in the bonds, such plaintiff could not sue even in the state court. But, as we have already seen, the plaintiff in this action had the right to institute an action in the state court, though the federal court was closed to her.

2. As heretofore indicated, upon the remanding of the cause by the circuit court of appeals to the circuit court for a new trial, the latter tribunal, after hearing evidence in behalf of the plaintiff, upon defendant's motion, dismissed the action solely upon the ground that it had no jurisdiction of the cause. From this judgment of dismissal the plaintiff there (who is the plaintiff in the action here) sued out a writ of error in the supreme court of the United States to the judgment of the circuit court to review its judgment of dismissal. No supersedeas was granted. The defendant contends that while this writ of error is pending in the supreme court of the United States, further proceedings herein should be suspended. The rule which counsel has in mind has been enforced where two suits are pending in the same jurisdiction, but the great weight of authority, both in the federal and state courts, is that pendency of a prior action in one jurisdiction is not a bar to a subsequent action in another, even though the two suits are upon the same cause of action and between the same parties. Some of the authorities directly in point are: *Defiance Water Co. v. City of Defiance,*

100 Fed. 178; *Hatch v. Spofford,* 22 Conn. 484; *Mc-Jilton v. Love,* 13 Ills. 486; *Allen v. Watt,* 69 Ills. 655; *Stanton v. Embry,* 93 U. S. 548; *Gordon v. Gilfoil,* 99 U. S. 168.

In *McJilton v. Love, supra,* it was held that the pendency of a writ of error cannot be pleaded in abatement of another action in the same state unless the writ of error operates as a supersedeas, and not even then if the writ of error was sued out after the commencement of the second action.

Neither of the defenses upon which the appellant relies upon this appeal is good, and the judgment of the district court in favor of the plaintiff upon the causes of action set up in the complaint was right. It is, therefore, affirmed.

*Affirmed.*