### McNULTY et al. v. WIESEN et al.

(District Court, E. D. Pennsylvania. July 8, 1904.)

No. 2.

1. PLEADING—SCANDAL.

Scandal in a pleading consists of an unnecessary allegation bearing cruelly on the moral character of an individual, or stating matter contrary to good manners, or unbecoming the dignity of the court to hear.

2. SAME—BANKRUPTCY—CONVEYANCES—VACATION—PLEAS.

In an action by a bankrupt's trustee to set aside a transfer of certain book accounts less than four months before the assignor was adjudicated a bankrupt, a plea alleging that the purchase was made by defendants without any intent or thought on their part to hinder, delay, or defraud the bankrupt's creditors, or any of them, was neither scandalous nor impertinent; since under Bankr. Act, July 1, 1898, c. 541, § 67e, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], the burden was on defendants to show that they were purchasers in good faith for a present, fair consideration.

3. SAME—AVERMENT OF CONSIDERATION.

Where a bill by a trustee in bankruptcy to set aside a conveyance of book accounts by the bankrupt alleged that the accounts were assigned without a present, fair consideration, and that no money was paid for the transfer, an answer, which was responsive to the bill and alleged that defendants paid a present, fair, and adequate consideration in cash, was sufficient, without setting forth in detail all the circumstances connected with the facts alleged in the answer.

In Equity. Exceptions to answer dismissed.

Davison & Seymour, for complainants.
Julius C. Levi, for respondents.

HOLLAND, District Judge. The complainants filed a bill in equity alleging that Wiesen Bros., the bankrupts, on the 15th day of September, 1903, without a present, fair consideration, assigned book accounts to the respondents amounting to $16,661.81, within four months next preceding the 6th day of October, 1903 (upon which date

¶ 1. See Pleading, vol. 39, Cent. Dig. § 46.

an involuntary petition in bankruptcy was filed against them), with intent to delay, hinder, and defraud their creditors. One of the bankrupts, Elias Wiesen, admitted he knew the firm to be insolvent between the 15th and 20th days of September, 1903, and a writing was filed on the 5th day of October, 1903, by the individuals of the firm, admitting their·insolvency. The bill prays that the respondents be compelled to make an accounting of all sums of money collected by them as proceeds of accounts assigned or transferred to them by the said Wiesen Bros.

The respondents, in their answer, admit the assignment to them of the amount stated in the bill, for which they say $12,100 was paid, but deny that the assignment of these accounts was made with intent to delay, hinder, and defraud the creditors of the said Wiesen Bros., but, on the contrary, claim that the purchase of the book accounts was made for a present, fair consideration, without any intent or thought on the part of the respondents to delay, hinder, and defraud the creditors of the said firm of Wiesen Bros., or any of them, and allege that they are holders of the book accounts so assigned for a good and valuable consideration, without notice of any defect of title. They further allege that the $12,100 was a present, fair, and adequate consideration paid in cash.

The trustee excepts to that part of the answer in paragraph 5 wherein it is stated that "the purchase of the said book accounts was made by the respondents from the firm of Wiesen Bros. without any intent or thought on the part of the said respondents to delay, hinder, and defraud the creditors of the said firm of Wiesen Bros., or any of them, as scandalous and impertinent"; and to that part of respondents' answer in paragraph 6 wherein it is set forth that the sum of $12,100 in cash is a full, fair, present, and adequate consideration for the purchase of the said book accounts as insufficient, for the reason that upon its face it is untrue; and that the answer fails to state the amount was actually paid in cash.

Scandal in a pleading consists of any unnecessary allegation bearing cruelly on the moral character of an individual, or stating anything contrary to good manners, or anything unbecoming the dignity of the court to hear.' It is plain there is nothing contained in this answer that comes within this definition. Nor is the averment in the answer that the assignment was made to the respondents without any intent on their part to hinder, delay, or defraud the creditors of the bankrupt impertinent, for the reason that under section 67e of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], they are required to show that they are purchasers of these accounts in good faith, and for a present, fair consideration. There is no doubt that, if the respondents purchased these accounts from the bankrupts with intent and purpose on their part to hinder, delay, and defraud the bankrupts' creditors, the transfer would be set aside as fraudulent. even if they had paid a full consideration for them in cash; and it is entirely pertinent for them to deny this intent, although it is not clear that the transfer is valid, even though this intent did not exist. This, however, can be determined upon final hearing. We are only now concerned with the pleadings, and the answer in this particular is entirely pertinent.

The exceptions to the sufficiency of the answer as to the consideration cannot be sustained, for the reason that they are responsive to the allegations in the bill. They allege they paid a present, fair, and adequate consideration in cash, which is a direct denial of the charge in the bill that the accounts were assigned without a present, fair consideration, and that no money was paid for the transfer. It·does not follow that because the face value of these accounts is $16,661.81, their actual value is the same. The answer fixes their value at $12,100. All that is required in an answer to a bill in equity is to fairly meet all allegations of the bill. It need not set forth in detail all the circumstances connected with the facts alleged in the answer, as was required under the rules applicable to bills of discovery where interrogatories were filed to which answers were required of all facts within the knowledge of the respondents pertinent to the matters at issue. A party thus called upon to answer was in fact called upon to give testimony, and an answer which might be entirely sufficient as a pleading might be held insufficient when viewed in the light of being a response to the interrogatories contained in a bill. In the answer the respondents are only required to deny the allegations charged, and, if there is further information required from the respondents, they can be called as witnesses before a commissioner appointed to take testimony. Field et al. v. Hastings & Co. et al. (C. C.) 65 Fed. 279.

Exceptions dismissed.