[No. 3959.]

## BALLINGER v. VATES.

1. PARTIES—*Real Party in Interest.* The assignment of a chose in action, for collection, vests the legal title in the assignee. He is entitled to maintain an action thereon in his own name. (118)

2. ASSIGNMENT OF A CHOSE IN ACTION—*For Collection—Effect.* The assignee of a chose in action for collection holds the judgment recovered thereon as trustee for the assignor, but if by the terms of the assignment, or his agreement with the assignor, he is entitled to his share of the recovery, he cannot be required to enter satisfaction of the judgment until paid what he is entitled to. (119)

3. APPEALS—*Judgment.* Ballinger recovered judgment against Johnson upon a claim of the Stern-Prince Company, assigned to him for collection. Johnson adjusted the claim with that company, and by a decree of the district court Ballinger was required to enter satisfaction of the judgment, though the commission to which, by his agreements with the company, he was entitled, had never been paid. The decree was reversed, with directions to the court below to enter judgment in favor of Ballinger unless, by a day named, the plaintiff should pay into court for the use of Ballinger the commission to which he was entitled, with interest from the date of the judgment; that Ballinger should thereupon execute and deliver a satisfaction piece, that upon his failure to do so, the judgment should be vacated; provided that if it should appear that Ballinger, at the institution of the suit, or the entry of the judgment of reversal, was indebted to the Stern-Prince Company, the amount of such indebtedness should be set off against the claim of Ballinger; and the plaintiff was given leave to amend his reply. (119, 120)

*Error to Denver District Court.* HON. GREELEY W. WHIT-
FORD, Judge.

MR. JOHN HIPP for plaintiff in error.

MR. EZRA KEELER for defendant in error.

KING, J., delivered the opinion of the court.

January 1, 1909, The Stern-Prince Importing Company
retained the State Collection Agency of Denver as it agent
for the collection of claims, under a written contract, by which
the collection agency agreed that "all accounts worthy of legal
proceedings will be placed in its law department for suit, and
such suits will be brought at the expense of the agency," and
it was agreed that upon judgments secured by it the agency
should receive 25% of the judgment. E. M. Johnson, being
indebted to The Stern-Prince Importing Company in the
sum of $519.75, the company made a written assignment of
its claim against Johnson to E. E. Ballinger, for suit and
collection; Ballinger was manager of the collection agency.
On the 23rd day of February, 1909, Ballinger commenced
suit in his own name against the said Johnson, caused sum-
mons to be issued and served; thereafter, on or about the 15th
day of April, obtained a judgment in the sum of $582.30
and costs taxed at $4.45, and on the 22nd day of April caused
a transcript of the judgment docket in said action to be filed
and recorded in the office of the recorder of the County of
Pueblo, which became a lien upon the real estate of the judg-
ment debtor. All costs and expenses were paid by Ballinger.
On or about the 19th day of October, 1909, the said Johnson
made a settlement with The Stern-Prince Importing Company
by which that company, in consideration of $250 in cash paid
to it, and execution and delivery of three notes of $31.50 each,
admitted satisfaction of the judgment, agreed to release the
same, and gave an order as follows:

"State Collection Agency, City.

Gentlemen—Upon this order kindly release the judgment which you hold for us in your name against E. M. Johnson, Pueblo, and oblige, yours truly,

THE STERN-PRINCE IMPORTING Co.,
By J. L. Stern, Treas."

On presentation of said written request, Ballinger refused to release or discharge the judgment, except upon payment to him of 25% of said judgment. Thereupon Johnson brought suit against Ballinger and the Importing Company, asking for a decree declaring said judgment satisfied. The Importing Company made no defense, but Ballinger filed answer and cross-complaint, setting up the foregoing facts, and alleging that he was interested in the said judgment to the extent of 25% thereof, and the costs by him expended; that the settlement made between the plaintiff Johnson and The Stern-Prince Importing Company was entered into to defraud said Ballinger, and deprive him of his commission and costs, and offering to satisfy and release said judgment upon payment. W. B. Vates, trustee in bankruptcy of the said Johnson, was substituted as party plaintiff. Judgment was rendered in favor of the plaintiff against said Ballinger.

1. Upon the assignment of the chose in action aforesaid to Ballinger for collection, the legal title thereto vested in him. He became the real party in interest, and was entitled to prosecute an action thereon in his own name.—4 *Cyc.* 67; *Lake County v. Schradsky*, 31 Colo. 178, 182, 71 Pac. 1104. While it is true that Ballinger held the legal title to said judgment in trust for The Stern-Prince Importing Company, it is likewise true that his trust was coupled with an interest in himself, and the *cestui que trust* could not compel the assignment of the judgment to it nor require the trustee to release it until it had paid the trustee, or otherwise satisfied him for his interest in the judgment, in this case amounting to at least 25% of the judgment obtained. While the assignee held the

assigned claim for collection, his relation to The Stern-Prince Importing Company was analogous to that of a bailee under contract to perform services for the benefit of the bailor, and for which he was to receive compensation, and entitled to retain possession of the chose in action, or its proceeds, until paid. Their relations have not been materially changed by securing a judgment, except that it is more nearly analogous to that of a trustee holding a legal title for the benefit of his *cestui que trust,* but with an interest which must be satisfied before he can be compelled to execute the trust by turning over the judgment or the proceeds thereof. The judgment debtor, having full knowledge of the suit brought and judgment obtained in Ballinger's name, could not compromise or otherwise settle the judgment by payment to The Stern-Prince Importing Company, except at his peril, and he is not, and cannot be, in any better position to enforce the release or satisfaction of the judgment by the judgment creditor than is The Stern-Prince Importing Company.

A chose in action may be bailed. In this case, the contract of bailment created a trust.—5 *Cyc.* 166; *Cabaniss v. Ponder,* 65 Ga. 134; *Sanders v. David,* 13 B. Mon. (Ky.) 432; *Loomis v. Stave,* 72 Ill. 623; *Pindell v. Grooms,* 18 B. Mon. (Ky.) 501; *Cowdrey v. Vandenburgh,* 101 U. S. 572, 25 L. Ed. 923.

The judgment is reversed and the cause remanded, with directions to the trial court to enter judgment in favor of plaintiff in error, Ballinger, unless within ninety days the plaintiff pay into said court for the use of said Ballinger 25% of the judgment, together with interest thereon from its date, in which event said Ballinger shall be required to execute and deliver a release and satisfaction of the said judgment, or, upon failure so to do, the judgment may be set aside by order or decree of the court; *Provided,* however, that in case the plaintiff can show that the said Ballinger, or the State Collection Agency of Denver, was at the time of the commencement of this suit, and now is, indebted to The Stern-

Prince Importing Company in any sum, the amount of said indebtedness may be offset against the claim of the said Ballinger herein; and for the purpose of making such showing, if he be so advised, the defendant in error herein may be permitted to file amended or supplemental reply to defendant's answer and cross-complaint.

*Reversed and Remanded.*