Thomson, J.,
delivered the opinion of the court.
This was a suit by the appellee against the appellant upon an instrument of which the following is a copy :
“Denver, Nov. 19, 1891.
“Mr. A. L. Welch:
“ Please pay to George Mayer the sum of (1500) five hundred dollars out of money due us for brick work done on your building at Sixteenth and Champa, and charge same to our account. The same to apply on the first money due us.
“ Louis Groth & Co.”
The complaint averred the making of the order by Louis Groth & Co., its delivery to the plaintiff, and its acceptance by the defendant. ■ The complaint also alleged that money to more than the amount of the order was, at the time,- due from the defendant to Groth & Co., but it contained .no averment that the order was given for any valuable or other consideration. The answer was a general denial. The .cause was tried by the court, without a jury, and judgment given against the defendant for the amount of the claim. From this judgment the defendant appealed.
The only evidence in the case was that introduced by the plaintiff. The defendant offered. none. We have before us tlie testimony of four witnesses, being all who testified, in which we find the following facts: On November 19,1891, the day on which the order was drawn, it was presented by the plaintiff to the defendant for payment. The defendant *442 read the order, said that it was all right, and that he would pay it. He asked the plaintiff to leave the order with him, and told him to call on the following Monday, when the money would be paid. The plaintiff accordingly called on that dajq but the defendant, saying that he did not have the money then, requested him to come again on the next Saturday, when he would pay the order. Plaintiff went as requested, but the defendant was still unable to pay; the reason, as stated by him, being that he had just been building, and had collected no rents; but he said that he would pay the amount immediately after the first of December following. At that time, in answer to, plaintiff’s demand for payment, defendant said that he had still collected no money, and the order was unpaid. The order was returned to the plaintiff on the 7th day of January, 1892, and this action was commenced immediately afterwards. The plaintiff, in answer to a question by bis counsel, stated that the consideration for the order was a loan by him to Groth & Co. of $500. After the question had been asked and answered, the defendant objected to it as irrelevant and immaterial, and the objection was sustained. Against the objection of the defendant, Ferdinand B. Becker, a member of the firm of Groth & Co., testified that on January 7, 1892, there was due from the defendant, on account of the brickwork mentioned in the order, the sum of $594. The brickwork spoken of was done under a written contract between Groth & Co. and the defendant, which was introduced in evidence. By the terms of that contract, the work was to be entirely finished on'or before the 24th day of October, 1891. The contract price was $1,850, subject to additions or deductions on account of alterations which might be made, and was payable within sixty days after the completion of the work; provided, that the architect should certify that the work had been done to his satisfaction, and provided that, before payment, Groth & Co. should give the architect sufficient evidence that the premises were free from all liens or claims chargeable to Groth & Co.; the defendant having the right, in case there were such *443 liens or claims, to retain out of the amount owing by him a sufficient sum to indemnify him against them. There was no evidence of the time when the work'was completed, or any certificate of the architect that it was satisfactorily done, or of any showing made to the architect that the premises were free from liens or claims.
Several reasons for the reversal of the judgment are urged by counsel for the defendant, in an able and comprehensive argument; and the questions presented are entitled to careful consideration. These questions relate to the character of the instrument sued on, the rights of .the plaintiff under it, and the kind and amount of proof necessary to enable him to recover. The order set out in the complaint, and introduced in evidence, is certainly not a negotiable instrument. It is payable out of a particular fund, which might or might not be sufficient. If the sum of $500 or more was dué on account of the brickwork, then, if other necessary conditions concurred, the entire amount of the order was payable; but if that sum was not due on that account, then the recovery would be confined to what was actually due; and it would be entirely immaterial how much the defendant might owe Groth & Co. on any other account, because it was only to the amount due for the brickwork that the order applied. This instrument was therefore not a bill of exchange, and the rules by which it would be governed are essentially different from those which would apply to a negotiable bill. Not being a bill of exchange, the only effect which it could have, would be as an assignment to the plaintiff of a right to receive from the defendant money which he owed to Groth & Co. on the account mentioned. If it had been drawn so as to cover the entire demand against the defendant, then, upon notice to him, it would have been an assignment of the whole indebtedness; but it was not so drawn, and it was 'therefore an attempted transfer of a part of the fund, which could not be perfected by mere notice to the drawee; and to become operative as an assignment it must have been made with his consent, or he must have subsequently ratified it. *444 Upon such consent or ratification the assignment would be complete, the debt which the defendant formerly owed to Groth & Go. would be payable to the plaintiff, and would be the consideration upon which his liability to his new creditor would rest. Wadlington v. Covert, 51 Miss. 631; Grain v. Aldrich, 38 Cal. 514; Mandeville v. Welch, 5 Wheat. 277.
The evidence of acceptance both by consent and ratification is abundant; and, in addition, there is the very important fact of an express and unequivocal promise to pay. But counsel insist that, conceding it to be true that defendant accepted the order, yet it, being paj^able out of a specific fund, was not an assignment pro tanto of the fund, unless it was made upon a valuable consideration; and that, therefore, to entitle the plaintiff to a recovery, he must aver and prove a consideration for the order moving from himself to Groth & Co. An attempt to prove such consideration was made, as we have seen, but the testimony, after it was given, was objected to, and the objection sustained. The plaintiff claims that the objection came too late, and that therefore the evidence ought to stand. We think the objection, so far as its grounds are concerned, was well taken. The evidence was not relevant because it supported no issue made by the pleadings ; and we think it was immaterial, so that, whether it be allowed to stand or not is not, in our judgment, a matter of much importance. As between drawer and payee, indorser and indorsee, or assignor and assignee, there is no doubt that the question of consideration may be material. A drawer cannot be held liable to his payee, or an indorser to his indorsee, on account of a bill for which he has received no value; and this rule applies alike to negotiable and non-negotiable paper. One difference between a negotiable and anon-negotiable instrument is that the former imports a consideration, while the latter does not. In the one case neither averment nor proof of consideration is necessary ; and if the defendant relies on want of- consideration as a defense, he must specially plead and prove it; while in the other, consideration must be averred and proven by the plaintiff. The reason why a *445 promise made without consideration cannot be enforced is obvious ; and if this were an action brought by the plaintiff against Groth & Co. as drawers of the order, the plaintiff could not recover without averment and proof of consideration paid by him for it. But when we come to search for reasons why he should, as against this defendant, be held to that rule, we find ourselves at sea. If the defendant owed, the debt it was a matter of indifference to him to whom he paid it, provided he was protected in its paj^ment; and an order from his creditor, directing him to apply the money in a certain direction, would he ample protection against any future claim of the creditor for the same money, whether the order was made with or without consideration. In this case he had the right to insist that the entire claim against him should not be divided without his consent; but, having given his consent, what interest had he in the consideration for the assignment, or how could he be injured if it was made without consideration ? Counsel has referred us to a number of authorities as supporting his contention; but if there is one which holds that mere want of consideration between the assignee and assignor, without more, is a good defense by the debtor, we have overlooked it. We shall briefly notice a few of the cases. In Bank of Commerce v. Bogy, 44 Mo. 13, a creditor drew his bill upon the defendant for his indebtedness, and negotiated it to the plaintiff. The defendant refused to accept it, and the court held that a non-accepted bill of exchange does not of itself give the holder any interest in the fund or property against which it was drawn.' The decision in Kimball v. Benoist, 20 Mo. 557, is that a bill of exchange drawn by a merchant upon his factor cannot, before acceptance, take effect as an equitable assignment of the fund, so as to defeat attaching creditors. Alger v. Scott, 54 N. Y. 14, was a suit by a landlord against her tenants for rent due; the defense was an order given by the plaintiff for the same rent to a creditor of her husband, and which the defendants accepted. They took the order and mislaid it. It was not paid, and was not returned to the creditor until after the *446 commencement of the suit. The opinion is short, but all that was decided was, that the plaintiff, having received no consideration for the order drawn by her, could not be held liable upon it. Averett's Admr. v. Booker, 15 Grat. 163, was an action by the payee of an order against the drawer, payment having been refused by the drawee. The order expressed no consideration, and the plaintiff proved none. The court held that a consideration was necessary to imply a promise by the drawer to pay if the drawee did not. Cases between maker and payee, and indorser and indorsee, where, the same doctrine is expressed, are numerous ; but such authorities are hardly applicable here. On the other hand, it is held that as between a holder and an acceptor, it is immaterial what consideration the holder paid, or whether he paid any. In Milnes v. Dawson, 5 Exch. 948, an indorsee sued the acceptor upon his acceptance of a bill drawn on him. The defendant pleaded that the plaintiff never gave any consideration or value for the bill. The court held that if the bill was a gift from the drawer, the plaintiff could not have sued Mm upon it; but that the acceptor could not make that de fense. In Tarbell v. Sturdevant, 26 Vt. 513, the reason why a maker of a note cannot avail himself of a defense which might be good between the payee and his immediate indorsee, is stated thus : “ On this question it is to be observed, that the defendant does not pretend but that he justly owed the debt, or that he had any'- defense, legal or equitable, which should shield him from the payment of it to some one. It is therefore quite immaterial to him to whom he pays it, or who recovers upon it, provided, when the paynnent is made, or a recovery had, it will bar any further claim on the note by others.”. We do not think the question of the consideration paid by the plaintiff to Grotli & Co. could be raised by the defendant, if there had been nothing more in the case than his acceptance of the order; but he made an express promise to pay the amount to the plaintiff; the antecedent debt was ample consideration for the promise, and he cannot *447 escape his liability upon that by questioning a transaction in which he had no interest. Muir v. Schenck, 3 Hill, 228.
It is objected that there was not sufficient proof of an indebtedness from the defendant to Groth & Co. Counsel say that the plaintiff stands in the exact position of his assignor; and, in order .to a recovery, must make the same averments and the same proof which would be required in a suit by Groth & Co. upon their contract. We agree with counsel that the plaintiff can recover only upon the same conditions which would permit a recovery by Groth & Co. if no assignment of the claim had been made; but we do not agree that the same fullness of averment is required from him that would be necessary in a complaint by his assignor. In aq action by Groth & Co., upon their contract, a compliance on their part with the terms and requirements of the contract must have been alleged in the complaint. The contract would have been the foundation of their suit, and without such allegations the complaint would not have been good. But, in this case, the foundation of the action is the order and its acceptance; and it was sufficient to allege, in the terms of the order, that the amount was due for the brickwork it mentioned. But, it must appear from evidence, competent for the purpose, that the money was actually owing by the defendant upon that account, and could have been recovered by Groth & Co., if the right to receive it had not been transferred to the plaintiff. Testimony was admitted against defendant’s objection that the amount due was $594. We do not think that the testimony was proper in the form in which it was given, but the reasons for this opinion are entirely different from those assigned by the defendant. However, outside of this testimony, there was sufficient evidence to authorize a finding that an amount equal to the sum named in the order was actually due. When the order was presented to the defendant he said it was right, and promised to pay it. He made several subsequent promises of payment. From time to time he fixed a day on which the money would be paid, and,the reason always given for his failure to pay it *448 was not that he did not owe it, but that he was not in possession of the funds. His promises extended over several weeks, and he had ample time to ascertain whether Groth & Co. had performed their contract or not. Prima facie this was sufficient evidence, either that the requirements of the contract had been fully performed, or that performance had been waived by the defendant. The evidence was perhaps not- conclusive; but, in the absence of any proof to the contrary by him, or any explanation of his promises to pay, the court was justified in finding that he owed the money upon that contract. And it is a matter of some significance that the defendant offered no evidence. After proof of his affirmation of the justice of the claim, and his promise to pay it, if the evidence was untrue, or if there was any reason why he should not be held to the performance of his promise, the facts should have been shown by him. Under circumstances requiring one to speak, his silence may afford a convincing argument against him.
The record is free from material error, and the judgment appears to be right.- It will therefore be affirmed.

Affirmed.