Thomson, J.,
delivered the opinion of the court.
The plaintiff in error sued Henry Doerffler for a debt, and caused Fred E. Cowing to be summoned as garnishee. The defendant in error intervened, claiming that 194.20 of the money attached in the hands of Cowing belonged to him, having been assigned to him by Doerffler. The intervenor had judgment for the amount of his claim.
The intervenor’s title to the money depends upon the alleged assignment. The amount owing by Cowing to Doerf *478 tier was $143. If there wás an assignment, it embraced only a part of the demand. Such an assignment can be made only with the consent of the party from whom the money is due. It is not allowable to a creditor to split up his cause of action by assigning parts of it, thus creating as many new causes of action as there are assignments, without the concurrence of the debtor. Insurance Co. v. Bullene, 51 Kan. 764; Welch v. Mayer, 4 Colo. App. 440. There was no pretense that Cowing ever consented, directly or indirectly, to this alleged assignment.
The only evidence introduced in support of the allegation that the money was assigned to Harmes consisted of three checks, one for $33.00, one for $27.00, one for $34.30, drawn by Doerffler in favor of Harmes, upon Walsen & Wheeler’s Bank at Walsenburg. The checks were never presented for payment. From some obscure statements in the record it may be gathered that when the checks were drawn there was some kind of a check in the bank payable to Cowing, and awaiting his indorsement in order to be converted into monejr, out of which the amount due Doerffler was to come; and that it was Doerffier’s intention by the checks upon the bank to transfer a portion of this fund. It is upon this supposed intention that counsel for the intervenor rests his argument. We know of nothing more useless for any purpose than a naked intention. The checks could not operate as a transfer of anything except money to Doerffler’s credit in the bank. No intention, however well defined, or distinctly expressed, could convert them into an assignment of the debt due from Cowing to Doerffler. The intervenor had no standing below, and he has none here.
The judgment will be reversed.

Reversed.