Thomson, J.,
delivered the opinion of the court.
On April 11,1891, the appellant, defendant below, through *304 J. B. Gordon as his agent, negotiated with one Conroy for an exchange of five town lots, of which the defendant was the equitable owner, having a contract for a deed to them, with other lots, from the Interior Land and Immigration Company, and against which there was an incumbrance of $375, for a stock of merchandise owned by Conroy. Conroy refused to accept the lots on account of the incumbrance. It Avas then agreed between the defendant and Gordon that the latter should convey five unincumbered lots owned by him, of equal value Avith the plaintiff’s lots, to Conroy in exchange for the stock, and vthat in return Gordon should receive a deed for the plaintiff’s lots subject to the incumbrance, and should be made whole by a note for $375 to be executed to him by the defendant. Conroy assented to the arrangement, and accordingly received a conveyance, from Gordon of his five lots, and turned the stock of goods over to the defendant, who thereupon executed his note to Gordon for $375, and gave him an order upon the Immigration Company for a deed to five of the lots contracted to the defendant. Upon the order being presented the company refused to cause the deed to be executed, because its contract with the defendant Avas for nine lots to be embraced in one deed, and the making' of two deeds would involve an extra expense. The lots Avere afterwards conveyed to the defendant, and Gordon demanded a deed to them from him, which he refused. The lots have never been conveyed to Gordon.- ¡
After the maturity of the note Gordon assigned and transferred it to the plaintiff Allen, who thereupon instituted this suit upon it. Judgment was given in his favor and the defendant appealed.
We confess that we are unable to understand the theory of the deEense in so far as it goes to the merits of the controversy. The defendant had the benefit of Gordon’s unincumbered lots, upon his agreement to replace them Avith his own incumbered lots and to 'balance the incumbrance with his note for the amount. Gordon gave up his own lots, he never received the defendant’s lots, the defendant took the stock *305 of goods, and if he can defeat this action he gets the goods for nothing, and Gordon gets nothing for his lots. This would be a very profitable transaction for the defendant if we could see our way clear to adopt his theory, but we cannot, because, as we have said, we do not understand it.
Defendant’s counsel says that on account of some understanding between the plaintiff and Gordon that a portion of the avails of the note, when collected, are to be paid to the latter, the plaintiff is not the real party in interest, and therefore not entitled to maintain this suit. The legal title to the note vested in the plaintiff by the assignment, and he is ipso facto the real party in interest within the meaning of' the code. Gomer v. Stockdale, 5 Colo. App. 489.
Counsel also says that the assignment, by reason of the character of its consideration, is infected with champerty.' Upon what principle he considers himself in a position to raise a question of this kind he does not state. It was not raised in the trial court, and we are not disposed to discuss it. It is sufficient for present purposes to say that the consideration of the note was not champertous. The defendant owes the debt, its payment to the plaintiff will extinguish it, and what the consideration of the assignment was, or whether there was any, is a question in which the defendant has not the slightest concern. Woodbury v. Hinckley, 3 Colo. App. 210; Welch v. Mayer, 4 Colo. App. 440.
The judgment will be affirmed.

Affirmed.