[No. 1825.]

STATTON v. STONE.

1. BILLS AND NOTES—ALTERATION—FILLING BLANKS.

One who signs and puts in circulation a negotiable promissory note leaving blank spaces for the rate of interest and the time when interest begins to run, cannot escape liability on the note in the hands of an innocent purchaser on the ground of material alteration where the blanks were filled by writing in the rate per cent and the word "date" in the blanks by the payee before negotiation.

2. BILLS AND NOTES — WANT OF CONSIDERATION — INNOCENT PURCHASER.

Although the holder of a negotiable promissory note may have purchased it after maturity, if he purchased it from an innocent holder he acquires all the rights of the innocent holder, and the payer cannot defend against the note on the ground of failure of consideration, nor on the ground that the holder paid no consideration therefor.

*Appeal from the District Court of Rio Grande County.*

Mr. CHARLES M. CORLETT, for appellant.

Mr. JESSE STEPHENSON, for appellee.

THOMSON, J.

The complaint alleged the execution by the defendant,

John H. Stone, of a promissory note for $200, payable on the 1st day of September, 1896, to himself; the indorsement and delivery of the note by him to the Mutual Life Insurance Company of New York; its transfer, before its maturity, by the company to the State Bank of Monte Vista; and its subsequent transfer by the bank to the plaintiff, William O. Statton. Nonpayment was averred, and judgment prayed.

The answer alleged that a material alteration was made in the note by the insurance company, after it had passed from the hands of the plaintiff, and while the company owned and held it; that the alteration consisted in so filling certain blanks as to make the note payable with interest from date until paid, at the rate of ten per cent per annum. An alleged copy of the note, as it was when the company received it, is contained in the answer; and, with reference to interest, its language was as follows: " with interest at the rate of per cent per annum from          until paid." The alteration charged, was the insertion of the figure "10 " in the first blank, and the insertion of the word " date " in the second. The answer admitted that the bank was a purchaser of the note for value before its maturity, but averred that it was transferred to the plaintiff after it became due, and that he paid no consideration for it. The answer stated further that the note was delivered to the company in consideration of its agreement to issue to the defendant a policy of insurance upon his life, but that the company had failed to perform its agreement.

The plaintiff demurred to the answer on the ground that the facts which it stated did not constitute a defense. The demurrer was overruled. The defendant prevailed at the trial, and the plaintiff appealed.

The defendant testified that the consideration of the note was the agreement of the agent of the Mutual Life Insurance Company to issue two policies on his life, for $5,000 each; that he signed a blank application, and trusted the agent to fill it out; that it was not filled out in accordance with his directions, the applicant's age being exaggerated,

thus increasing the amount to be paid as premium; that because of this error, he refused to receive the policies; that no rate of interest was originally specified in the note; that the word " date " was in it when he signed it, but that the figure " 10 " was not; and that in verifying an answer which stated that both the figure and the word were absent, he was mistaken. The other evidence leaves it in considerable doubt whether the note was not completely filled at the time of its execution; but leaves it entirely clear that when the bank bought the note, there was nothing in its appearance to excite suspicion, and that the bank was an innocent purchaser of the paper.

At the close of the trial, the plaintiff requested the court to direct a verdict in his favor. The request was refused, and a number of instructions given, concerning which all that need be said is that there was nothing in the case to justify them.

The answer stated no defense, and none appeared in the proof. Both on the pleadings and evidence, the plaintiff was entitled to the judgment. The demurrer should have been sustained; but, as it was not, and a trial was had, upon the evidence the court should have instructed the jury to find for the plaintiff. The difference between the testimony of the defendant and his answer was immaterial. Whether he delivered the note with one unfilled blank, as he testified, or two, as he answered, is of no manner of importance. According to both answer and testimony, he signed and put into circulation a negotiable promissory note, unfilled as to one or more blanks, thus rendering easy of execution a change in the instrument, increasing his liability, but not discernible in the appearance of the paper. Having, by his gross negligence, put it into the power of the agent of the insurance company to impose upon the bank, and to obtain its money upon the faith of his signature to a note regular and honest in its appearance, he cannot be heard to allege in this suit that it was altered. *Rainbolt v. Eddy*, 34 Iowa, 440; *Davidson v. Lanier*, 4 Wall. 447; *Angle v. Life Insurance Co.*, 92

U. S. 330; *Yocum v. Smith*, 63 Ill. 321; *Garrard v. Haddan*, 67 Pa. St. 82; *Abbott v. Rose*, 62 Me. 194; *Van Duzer v. Howe*, 21 N. Y. 531; *Blakey v. Johnson*, 13 Bush. (Ky.) 197.

" Whenever one of two parties must suffer by the act of a third, he who has enabled that third person to occasion the loss must sustain it himself rather than the other innocent party." *Wyman v. Bank*, 5 Colo. 30.

We are referred to the decision of *Hoopes v. Collingwood*, 10 Colo. 107, as announcing a different doctrine; but that it does not, will be seen by a glance at the opinion. There, the bank, in whose behalf the suit was brought, made the alteration in the note. Instead of being an innocent purchaser of the paper after the alteration was made, it was itself the guilty party; and the court righteously held that its wrongful act precluded a recovery in its favor.

It is true that the plaintiff took the note after its maturity; but he acquired the title which the bank had, and that was good. All the rights and remedies of the bank in connection with the paper passed to the plaintiff with the transfer. And it is immaterial what, if anything, he paid the bank for the note. The legal title was in him, so that he could maintain the suit in his own name; and the consideration or want of consideration of the transfer, is something into which the defendant has no right to inquire. *Walsh v. Allen*, 6 Colo. App. 303.

It is also entirely unimportant whether the insurance company performed its agreement with the defendant or not. Want of consideration, or failure of consideration, cannot be averred against an innocent purchaser of negotiable paper before its maturity.

The court erred before the trial in overruling the demurrer to the answer; and it erred after the trial in refusing to direct a verdict for the plaintiff.

Let the judgment be reversed.

*Reversed.*