## No. 8871.

### Asiatic Tunnel Mining and Milling Company v. Stephenson.

1. Promissory Note—*Assignment—Consideration.* The maker of a promissory note has no concern with the consideration of an assignment thereof, and is not to be heard to allege in an action by the assignee, that the assignment was without consideration.

2. Attachment—*Intended conveyance of property by debtor.* To justify the attachment of a debtor's property, for an intended conveyance, it is not necessary that actual fraud on his part should appear; nor even that he intended to eventually defeat the collection of the creditor's demand. If his purpose is to hinder or delay its collection, this suffices to warrant the issue and levy of an attachment. The defendant corporation advertised a meeting of its stockholders preparatory to an encumbrance of its property. The only indebtedness outstanding was a promissory note, held by plaintiff. The treasurer of the corporation, who had charge of its affairs, had declared that the note would not be paid. Plaintiff was entitled to an attachment.

*Error to Rio Grande District Court, Hon. Jesse C. Wiley, Judge.*

*Department.*

Mr. William H. Dickson and Mr. James P. Veerkamp, for plaintiff in error.

Mr. Jesse Stephenson, for defendant in error.

Opinion by Mr. Justice Teller.

The defendant in error recovered a judgment against the plaintiff in error on a promissory note made and delivered by it to one Sandford, who assigned it to the plaintiff before maturity. The plaintiff filed with her complaint an affidavit averring that the defendant was about fraudulently to transfer its property so as to hinder and delay its creditors, and particularly the plaintiff, and obtained writ of attachment, which was levied on the defendant's property

some days before the note became due.  The answer contained a statutory denial of the assignment of the note, and of a consideration of an assignment; traversed the affidavit for attachment, and alleged that the note was executed and delivered to Sandford, under an agreement that it should be paid only out of the net profits of the defendant in the operation of its mines, and that the plaintiff took said note with full knowledge of such agreement.      ·

The plaintiff introduced the note in evidence, and proved the assignment thereof to her.  She also proved the making and recording of a deed of trust on the defendant's property, to secure an issue of bonds to the amount of $200,000 a few days after the beginning of the suit; also a notice to the defendant's stockholders of a meeting to authorize such encumbrance some days before the suit was begun. Plaintiff relied on the proposal to issue the bonds as evidence of a purpose on the part of defendant to hinder and delay its creditors.

On the question of the agreement that the note should be paid only out of profits, there was a conflict of evidence, a witness for defendant testifying that there was such an agreement, and three witnesses for the plaintiff testifying to the contrary.  The testimony showed also several payments of interest on the note.

The execution and delivery of the note being admitted, and its assignment proved, the court did not err in refusing to grant a non-suit, there being a conflict of evidence on the only ground of defense presented.  Counsel for plaintiff in error urge that the court erred in sustaining objections to its question on the matter of consideration for the assignment of the note.  As well as in instruction 11, in which the jury were told that the matter of consideration for the assignment was not a proper subject of inquiry.

There was no error in respect to either of these matters. The rule is well settled in this state that the maker of a note is not concerned with the consideration of an assignment of it.  He is protected by the judgment against him from further suit on the note.  *Walsh v. Allen,* 6 Colo. App.

303, 40 Pac. 473; *Lake County v. Schradsky,* 31 Colo. 178, 71 Pac. 1104; *Sykes v. Kruse,* 49 Colo. 560, 113 Pac. 1013.

The defendant was permitted to defend upon the same grounds as would have been allowed had the action been brought by the assignor of the note, and no complaint can be made that the instrument was treated as negotiable under the law merchant.

It is also contended that the evidence is not sufficient to support the verdict on the attachment issue.

We cannot agree with that contention. It was in evidence that some three weeks before the suit was begun notices of a stockholders' meeting were sent out, preparatory to the encumbering of the property. This note was the only debt owing by the company, and one witness testified that the Treasurer, upon whom had devolved the management of the company's business, had said that note would not be paid. It is not necessary, under the law, as construed by this court and the Court of Appeals, that there should be actual fraud on the part of a debtor to justify an attachment of his property. It is sufficient if he conveys or assigns his property for the purpose of hindering or delaying his creditors. *Curran v. Rothschild,* 14 Colo. App. 497, 60 Pac. 1111; *Hafelfinger v. Perry,* 52 Colo. 444, 121 Pac. 1021. In the latter case we said: "When it can be plainly seen that it was the design of a party to hinder or delay the collection of a just claim, although perhaps not actually ultimately to defeat it, still a ground of attachment is made out."

The evidence in this case was such that the jury might reasonably infer from it an intent to prevent the immediate enforcement of this claim, and we cannot, therefore, disturb the verdict on that issue.

The discussion of the last mentioned question is a sufficient answer to the allegation of error on the instructions which relate to that subject. Counsel contend that the court erred in several instances in overruling their objections to testimony, but, while in some cases the objections were well

taken, we do not find that the testimony admitted was prejudicial so as to justify a reversal on that ground.

The cause was fairly tried, the instructions were fair to both sides, and the verdict is supported by the evidence.

The judgment is therefore affirmed.

Affirmed.

Chief Justice White and Mr. Justice Hill concur.