## No. 10,200.

## ARMSTRONG *v.* GRESHAM.

Decided January 8, 1923.   Rehearing denied March 5, 1923.

Action in unlawful detainer.   Judgment for defendant.

### *Affirmed.*

1. APPEAL AND ERROR—*Fact Findings.* Questions of fact submitted under proper instructions and determined by a jury upon sufficient evidence, will be considered as established by the reviewing court.

2. FRAUD—*Agreement to Perpetrate.* An agreement to perpetrate a fraud on a third person is illegal and void.

3. HUSBAND AND WIFE—*Dealings—Duty of Husband.* In dealing with his wife concerning property rights, a husband is bound to absolute good faith. Any agreement which in itself is calculated to induce a dereliction in the performance of a private duty is void.

4. CONTRACT—*Legality.* Any contract which has for its object the practice of deception upon another party in interest as to the ownership of property, is void. That a third person for whose deception a contract is entered into is not in fact injured, will not purge the contract of its illegality.

5. APPEAL AND ERROR—*Determination of Questions not Presented.* As a rule an appellate court will not determine a cause on a point not presented, but there are exceptions to the rule.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. JOHN T. BOTTOM, Mr. JOHN M. WALDRON, for plaintiff in error.

Mr. WILLIAM H. GABBERT, Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error brought this action in unlawful detainer against defendant in error. To review an adverse judgment, entered below upon the verdict of a jury, she prosecutes this writ.

April 14, 1915, Marion C. Armstrong, husband of plaintiff, was the owner of a certain lot and building in the city of Denver known as No. 1518 Champa Street, and defendant was engaged in the restaurant business in property adjoining. On that day Marion C. Armstrong leased said premises to defendant at a rental of $200 per month for a period ending December 31, 1917, by written instrument, hereinafter referred to as "A", one provision of which reads:

"It being hereby agreed between the parties that this lease shall be extended for the further period of twenty-three years at a rental to be hereinafter agreed upon by said parties in case the lessee shall so desire."

February 1, 1917, Marion C. Armstrong deeded the premises in question to plaintiff, the consideration mentioned in the deed being "five dollars and love and affection." Plaintiff took title with actual knowledge of "A". September 19, 1919, plaintiff and defendant entered into a written lease of said premises for a term extending from October 1, 1919, to December 31, 1920, at $200 per month. This lease is hereinafter referred to as "B". In its execution, in all negotiations preceding it, and the collection of rent under it, plaintiff's husband acted, whether for himself or for her is a fact in dispute. "B" contains a clause which reads:

"It is expressly understood and agreed that a certain lease of the above premises dated April 14, 1915 wherein Marion C. Armstrong is lessor and William Gresham is lessee and all provisions thereof and all rights thereunder are hereby fully cancelled and set aside and that this lease expresses the only subsisting agreements concerning the leasing and tenancy of said premises."

Plaintiff, claiming under "B", gave defendant notice to quit and upon his failure so to do filed this action January

4, 1921. Defendant answered, claiming possession under the above quoted extension clause of "A"; admitted the execution of "B"; alleged that Marion C. Armstrong was the real owner of the premises notwithstanding the deed to his wife; that Marion C. Armstrong procured the execution of "B" by fraud and false pretenses in this, that Armstrong represented to defendant that he was having trouble with his wife, that the execution of "B" was necessary to him in effecting a reconciliation with her, that it would be used for that purpose only and that after December 31, 1920, the relationship of lessor and lessee should continue between them under the terms of "A"; that the representations of Marion C. Armstrong concerning his domestic difficulties, the necessity of the lease for the purpose of reconciliation and the promised resumption of relations under "A", were false; and that these and the procuring of "B" were the result of connivance between plaintiff and her husband and a trick on their part to defraud defendant of his rights under "A".

Plaintiff demurred to this answer for want of facts, objected to the taking of testimony in support of it, moved to strike out such evidence after it was given, moved for a directed verdict at the close of it, requested instructions to disregard it, and moved for a judgment notwithstanding the verdict. To each adverse ruling she excepted, and on each assigned error.

The sufficiency of the plea and proof of a fraud against defendant, thus raised, and which is the principal question discussed in the briefs, need not be here determined.

The rights of plaintiff, if any, rest solely upon "B". Evidence in support of each element of the defense thereto was submitted to the jury. It was instructed that unless each was proved verdict must be for plaintiff. No prejudicial error appears in the instructions. The verdict was for defendant. Each of said elements of defense is therefore here established.

The only possible value which "B" could have to Marion C. Armstrong in effecting a reconciliation with plaintiff

would be as an instrument for deception, a means of inducing her to believe that done which had not been done. Marion C. Armstrong said to defendant in substance: "I desire to effect a reconciliation with my wife and to accomplish this I must induce her to believe certain representations which you and I know to be false." To this proposal, and for this purpose only, defendant agreed and "B" was executed. To enforce that instrument plaintiff. seeks the aid of the court. An agreement to perpetrate a fraud on a third person is illegal and void. 13 C. J. 417. In dealing with his wife concerning property rights Marion C. Armstrong was bound to absolute good faith. Any agreement which in itself is calculated to induce a dereliction in the performance of a private duty is void. Greenhood on Public Policy, 306. Any contract which has for its object the practice of deception upon any party in interest as to ownership of property is void. Id. 152. That a third person for whose deception a contract is entered into is not in fact injured will not purge the contract of its illegality. 13 C. J. 417.

In the instant case the third person (this plaintiff) who was to be defrauded by the contract, whose husband was thereby to be aided in a dereliction of his duty toward her, who was.to be deceived as to the ownership of property, was herself, unknown to defendant, a party to the transaction whose ultimate object it later developed was the deception of the defendant himself, and she now seeks to enforce that contract. These facts certainly add nothing to its validity.

The cause is not argued here, and does not appear to have been presented below, upon this theory. As a rule an appellate court will not determine a cause on a point not presented. Clearly, however, there must be exceptions. Otherwise its aid might be invoked to enforce a contract for the bribery of a public officer. The reasons applicable to such, compelling notice of questions not raised, are equally applicable to the facts before us.

It thus appears that plaintiff cannot invoke the aid of

a court to enforce "B" which, its true nature having been revealed, the law will refuse to touch. The rights of defendant, if any, in the property in question accrue to him by virtue of "A". The true owner of those premises and the real party in interest is Marion C. Armstrong who is not a party to this action hence that lease cannot be interpreted herein.

The judgment (for defendant for his costs) is accordingly affirmed.