## No. 10,775.

## BAKER *v.* COUCH.

Decided December 3, 1923.  Rehearing denied January 7, 1924.

Action in replevin.  Judgment for plaintiff. '

### *Reversed.*

### *On Application for Supersedeas.*

1. CONTRACT—*Consideration—Illicit Relations.*  Where the sole consideration for the delivery of notes and the execution of a contract concerning them, is past, present, and future illicit relations between the parties, no recovery can be had in a legal action for possession of the notes.

2. PLEADING—*Contract—Consideration.*  Where it appears from the evidence that a contract or transaction is illegal, fraudulent, or immoral, and there is mutual misconduct of the parties with respect thereto, it is not necessary, in an action based thereon, that such a condition of affairs be pleaded, under such circumstances neither law nor equity will aid either of the parties to enforce, revoke or rescind.

*Error to the District Court of the City and County of Denver, Hon. S. W. Johnson, Judge.*

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for plaintiff in error.

Mr. AXEL P. JOHNSON, Mr. JOHN D. DAWSON, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there.

Plaintiff brought replevin to recover thirty-five promissory notes. The jury found in his favor fixing the value of the notes at $2625.00 and charging him with a board bill of $137.92. To review the judgment thereupon entered defendant brings error and prays a supersedeas.

It is undisputed that plaintiff owned the notes in question and was entitled to their possession until he was wheedled out of them by defendant. He alleges in his complaint that they were obtained by undue influence "the nature of which can not with propriety be set forth in this complaint," and that both prior and subsequent thereto the parties lived together in adulterous relations. He does not further state the nature of said "undue influence" but his pleading, which sets forth much evidence, leaves no room to doubt that it was the relationship above mentioned. Defendant in her answer denies all this and says the notes were a gift to her; that after delivery a dispute arose concerning them, and her rights were thereupon confirmed by a written contract; and that this cause was theretofore dismissed by written stipulation and illegally reinstated. The replication denies the gift, alleges that the contract referred to by defendant was without consideration, that the stipulation of dismissal was signed upon defendant's promise to surrender the notes, and that said notes were originally delivered to her for collection.

The court ordered the case dismissed on the stipulation above referred to and, on plaintiff's motion, supported by his affidavit, vacated the order. One allegation of said affidavit is that defendant promised, if the case was dismissed, to "resume meretricious relations with said plaintiff."

This plaintiff was about twenty-three years of age. He says in his pleadings that he was without business judgment or experience. The record before us seems to confirm that assertion. But that he was not otherwise unsophisticated is indicated by evidence that he had at least one other similar affair and had previously been married. Defendant was some eight years his senior and, aside from any irregular attachments, had three times embarked upon the matrimonial sea under legal sanction. The first husband had died, the second was divorced, and the third was in process of separation on the grounds of bigamy. Plaintiff did not appear at the trial and his story of the affair must be gleaned from his pleadings. Defendant testified that the illicit relations between the parties began almost with their acquaintance, had continued for some time when the notes were delivered to her, and that those relations, past and future, were the consideration for the delivery. Prior to the execution of the alleged contract set up in the answer defendant had laid her troubles before, and was being advised by, a "law student" who apparently had not yet taken up the subject of legal ethics. Said contract, upon which one of the defenses is based, recited that its consideration was "love and affection," but if any deity presided over this affair it is very evident that it was not Athenian Venus but Babylonian Ishtar. That contract closes with the following: "Party of the first part (defendant) agrees to permit the party of the second part (plaintiff) to call at her home at reasonable hours and to continue the friendship already begun, until such time as the parties hereto agree to terminate this agreement."

The document is further solemnized by an enormous red seal, but whether that be the seal of the plaintiff, or the defendant, or the attorney who drew the paper, there is nothing to indicate.

At the close of plaintiff's testimony counsel for defendant moved for nonsuit upon the ground, among others, that the consideration for the transfer of the notes was immoral. The motion was overruled. Defendant's requested

instruction No. 11 advised the jury that if the real consideration for the delivery of the notes to defendant was the admitted illicit relations no recovery could be had. That instruction was refused and the proposition covered by it was not given. The case was submitted to the jury only upon the question of whether defendant received the notes as a gift or for collection, although the court, in overruling the motion for a new trial, said: "Counsel states that the court did not seem to believe that there was any illicit intercourse shown in this case. The court thinks it continued from start to finish, nothing but illicit relations shown between these two people."

We have been compelled to carefully examine the entire nauseous mess disclosed by this record and agree with the foregoing statement of the trial court. Furthermore we are of the opinion that the consideration, and the sole consideration, for the original delivery of the notes to defendant, for the so-called written contract set up in the answer, and for the stipulation of dismissal, as repeatedly disclosed by the pleadings, expressly testified to by defendant and not denied, and suggested by all the other evidence in the case, was past, present and future illicit relations between the parties. Under such circumstances no recovery could be had. The law is well settled and the authorities practically unanimous. *Lanham v. Meadows*, 72 W. Va. 610, 78 S. E. 750, 47 L. R. A. (N. S.) 592, and notes.

It is unnecessary, in this jurisdiction, that such a condition of affairs be pleaded. Where the contract or transaction in question is illegal, fraudulent or immoral, and there is mutual misconduct of the parties with respect thereto, neither law nor equity will aid either to enforce, revoke or rescind. To such disputes the courts will not listen and the parties thereto they will leave in the exact position in which they have placed themselves. It is immaterial whether information of such illegality comes from plaintiff or defendant, or is disclosed by pleadings or evidence. *Branham et al. v. Stallings*, 21 Colo. 211, 40 Pac. 396, 52

Am. St. Rep. 213; *Oliver v. Wilder,* 27 Colo. App. 337, 149 Pac. 275.

For the foregoing reasons the judgment is reversed and the cause remanded to the district court with directions to dismiss the action.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.