## No. 11,802.

### UNION MUTUAL INSURANCE COMPANY *v.* SECURITIES CORPORATION.

Decided December 19, 1927. Rehearing denied January 23, 1928.

Action on due bill and cashier's check. Judgment for defendant.

### *Affirmed.*

1. CONTRACTS—*Illegal—Mutual Misconduct.* Where a contract or transaction is illegal, fraudulent or immoral, and there is mutual misconduct of the parties with respect thereto, neither law nor equity will aid either to enforce, revoke or rescind.

#### *On Rehearing.*

2. APPELLATE PRACTICE—*Petition for Rehearing.* A petition for rehearing consisting of 18 printed pages, citing 60 authorities, 8 sections of the statute and various portions of abstracts and briefs, and which is a mere reargument, violates Supreme Court rule 48, and is stricken from the files.

*Error to the District Court of the City and County of Denver, Hon. J. C. Starkweather, Judge.*

Mr. EVERETT BELL, for plaintiff in error.

Messrs. ROTHGERBER & APPEL, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties occupy here the same relative position as in the trial court. We hereinafter refer to them as plaintiff and defendant, or as the insurance company and the securities company.

The insurance company brought suit on a due bill for $36,500 and a cashier's check for $10,000, plus interest on both, a total of over $57,000. The cause was tried to the court and a judgment entered for the securities company. To review that judgment the insurance company brings error.

Very little need be said about this case. The trial court found, and we think correctly, that these evidences of indebtedness had been dealt with under certain contracts existing between the parties, disposed of accordingly, and the transaction closed as agreed upon. But there is a better reason why this insurance company cannot recover. It contends that the due bill and check did not represent what they purported to represent. This contention is supported by the record and findings of the trial court. It was admitted by counsel in oral argument here and reaffirmed in a written communication to the court in which, in attempting to explain his statements in argument, he puts the iniquity of the entire transaction, from plaintiff's standpoint, beyond doubt. It appears that the check was given that plaintiff might exhibit the same "to comply with the rules and requirements of the state insurance department or of any law of Colorado relating thereto; said certificate (cashier's check) to be returned to the first party when not so in use and which

may be successively called for as required and for such purpose." That the due bill was given as evidence of a guaranty fund, variable in amount, and accompanied by a letter authorizing the securities company to withdraw it "whenever the liability shall be entirely exhausted * * * and is not to be transferred or delivered to any person, or held by you except as such evidence." That both documents were exhibited by the insurance company to the commissioner of insurance of Colorado as a part of the company's assets and that this was done with the knowledge and approval of the securities company. In other words it is the insurance company's contention that these parties went into a deal to hoodwink the insurance commissioner and that it is entitled to the benefit of the property which came into its hands by reason thereof. It attempts to escape the imputation of wrong doing by charging that wrong to its officers. The plea is specious in view of the fact that the company admits it was the beneficiary of the fraud. Moreover, it appears that the officers of the company were at least honest enough to return the due bill and check to the securities company after they had served their purpose. We need not notice the contentions of the securities company. It is sufficient to say that under the well settled law of this state public policy closes the doors of the courts to the claim of this plaintiff. "Where the contract or transaction in question is illegal, fraudulent or immoral, and there is mutual misconduct of the parties with respect thereto, neither law nor equity will aid either to enforce, revoke, or rescind. To such disputes the courts will not listen and the parties thereto they will leave in the exact position in which they have placed themselves. It is immaterial whether information of such illegality comes from plaintiff or defendant, or is disclosed by pleadings or evidence." See *Baker v. Couch,* 74 Colo. 380, 221 Pac. 1089; *Baker v. Sockwell,* 80 Colo. 309, 251 Pac. 543, and authorties there cited.

Plaintiff says these parties were in pari delicto. If so it is foreclosed by the rule above announced.

The judgment is accordingly affirmed.

MR. JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE BUTLER concur.

### *On Rehearing.*

MR. CHIEF JUSTICE BURKE.

The petition for rehearing in this case consists of eighteen printed pages, divided into twenty-one paragraphs, citing sixty authorities, eight sections of the statute, and various portions of the abstracts and briefs. Nineteen of these paragraphs are introduced with the phrase, "The court overlooked or misapprehended," apparently on the theory that this is all that is necessary to make such a petition conform to rule 48 requiring that it shall "briefly" state the points relied upon and be devoid of argument. That assumption is becoming all too common in the preparation of such petitions. The phrase is valueless for the purpose. The rule was passed to cure a very pronounced evil, one which had grown to such proportions as to double the labors of court and counsel and often jeopardize the interest of litigants. It recites that it "will be strictly enforced and any petition in violation thereof will be stricken from the files," and that is what it means. This petition is simply a reargument and contains nothing new of merit. It is stricken from the files for a violation of said rule and the rehearing is denied.