Richard W. HOOVEN, Plaintiff–Appellee,

v.

Song Tuk QUINTANA, Defendant–Appellant.

No. 78–556.

Colorado Court of Appeals, Div. III.

June 19, 1980.

Rehearing Denied July 17, 1980.

Certiorari Denied Oct. 20, 1980.

Keller, Dunievitz & Johnson, Lionel D. Dunievitz, Denver, for plaintiff–appellee.

Keith J. Vandenberge, Denver, for defendant–appellant.

RULAND, Judge.

Defendant, Song Tuk Quintana, appeals from the judgment of the trial court ordering her to repay $7,748.84 to Richard W. Hooven on grounds of unjust enrichment. We reverse and remand for further proceedings.

When Hooven met Quintana, in January of 1974, she was married, but separated from her husband. Hooven and Quintana began dating, and after several months, Quintana accepted Hooven's invitation to reside with him. During this period, the parties discussed their desire to marry, but no exact date for the ceremony was ever set. This relationship continued until after Quintana's divorce from her former husband became final in approximately January 1975. However, general discord developed, and in October 1976, Hooven told Quintana to leave.

During the period the couple lived together, Hooven bought Quintana a car and loaned her sister $1,000 for travel expenses. He also made mortgage, insurance, and house repair payments on a rental unit owned by Quintana. Additionally, in order to expedite Quintana's dissolution, Hooven paid $5,000 to her ex–husband in exchange for the release of his interest in a residence, and paid a portion of her fees incurred during the dissolution.

The trial court, after examining the record of expenses, found that most of the payments made by Hooven during the two and one–half year period were for Quintana's benefit, and that to allow her to keep the benefits would result in unjust enrichment. On appeal, Quintana contends, *inter alia*, that the trial court erred in relying upon the doctrine of unjust enrichment as the basis for its decision. We agree.

Under some circumstances, gifts made in contemplation of a marriage may be recovered by the donor. *See In re Marriage of Heinzman*, Colo., 596 P.2d 61 (1979). However, if the transaction is "illegal," a court may not intervene to assist either Party. *Baker v. Couch*, 74 Colo. 380, 221 P. 1089 (1923). The rule is predicated upon public policy. *See Baker v. Sockwell*, 80 Colo. 309, 251 P. 543 (1926). The rule extends to a transaction between two parties who plan to marry in the future when, as here, the transaction takes place at the time one of the parties is still married. Thus, in *Leupert v. Shields*, 14 Colo.App. 404, 60 P. 193 (1900), an ex–wife, as a judgment creditor, sued her ex–husband to set aside an alleged fraudulent conveyance from her ex–husband to his new wife. The conveyance was made prior to the second marriage and at a time when the ex–husband and ex–wife were still married. The court held that the conveyance, because of the still existent marriage, was "contrary to public policy, repugnant to good morals, and utterly void." *See also Baker v. Couch*, *supra*. There being no authority to the contrary, we must necessarily conclude that the public policy of this state as stated in *Baker* and *Leupert* remains unchanged. *See* §§ 14–12–101 and 18–6–501, C.R.S. 1973. Hence, the trial court erred in applying the doctrine of unjust enrichment.

In light of the foregoing, the judgment is reversed. The cause is remanded with directions for further proceedings to determine which of the amounts paid by Hooven to Quintana were paid prior to the dissolution of Quintana's marriage. These amounts may not be awarded to Hooven. As to amounts paid by Hooven subsequent to the dissolution, these amounts may be awarded pursuant to *In re Marriage of Heinzman*, *supra*, if the court finds that the amounts were paid conditioned upon a subsequent marriage and that Hooven is not at fault for the termination of the parties' agreement to marry.

PIERCE and BERMAN, JJ., concur.