Keith E. BOYDSTUN, Plaintiff–Appellee,

v.

Curtis M. LOVELESS, Defendant–Appellant,

and

Linda S. Boydstun a/k/a Linda Sue Carter a/k/a Linda Sue Tyson, Defendant.

No. 93CA2147.

Colorado Court of Appeals, Div. III.

Jan. 26, 1995.

Dennis Michael Malone, Trinidad, for plaintiff-appellee.

Sisto J. Mazza, Trinidad, for defendant-appellant.

Opinion by Judge TAUBMAN.

In this action to quiet title to certain real property, defendant Curtis M. Loveless appeals the summary judgment entered against him. We affirm the judgment.

Plaintiff, Keith E. Boydstun (Keith), and defendant Linda S. Boydstun (Linda) co-habited from 1974 until 1990. In 1988, Keith purchased certain real property located in Las Animas County and titled it in joint tenancy with Linda. Linda left Keith in late 1990, and subsequently, premised on there having been a common law marriage, she filed a petition for divorce in Texas. The Texas court found that the two were not married and dismissed Linda's petition with prejudice.

Keith then commenced this action to quiet title, seeking a decree that Linda had no right or interest to or in the Las Animas property. Defendant Loveless, Linda's attorney in the Texas divorce proceedings, asserted a judgment lien against Linda's interest in the property, which represented unpaid attorney fees due Loveless from Linda.

Linda failed to appear or answer in this quiet title proceeding, and a default judgment was entered against her. Keith then requested summary judgment against Loveless.

In a supporting affidavit, Keith asserted that the joint tenancy deed had been executed as a gift conditional upon his ceremonial marriage to Linda, that he alone had paid the entire purchase price, that, through no fault of his, no marriage had ever occurred, and that, therefore, the condition had not been satisfied.

Loveless did not contradict the factual assertions contained in Keith's affidavit. Instead, he argued that the joint tenancy deed represented an irrevocable gift, particularly since there was no evidence either to suggest that Linda had agreed to marry Keith or that she subsequently broke or abandoned such promise.

Following argument, the trial court granted Keith's motion for summary judgment, concluding that Keith intended Linda's interest in the title to the property to be a gift by deed conditioned upon a subsequent ceremonial marriage which failed to occur. The court thereafter entered a decree quieting title to the property in Keith alone.

■ Loveless now repeats his argument that, under the circumstances at issue, the deed represented an irrevocable gift. We disagree.

Both parties cite *In re Marriage of Heinzman*, 198 Colo. 36, 596 P.2d 61 (1979), which concerned a transfer of real property in contemplation of marriage, and the trial court relied, in part, upon that decision. *Heinzman* stands for the proposition that in circumstances where A and B are engaged to be married and in contemplation of such marriage A makes a gift to B and, later, B breaks the engagement with the innocent and faultless A, then the gift is deemed conditioned upon the subsequent ceremonial marriage. *See also Hooven v. Quintana*, 44 Colo.App. 395, 618 P.2d 702 (1980).

Loveless contends *Heinzman* is inapplicable because, here, since there was no mutual agreement to marry, there was no engagement. Thus, Loveless argues, the gift by deed was simply an inducement to marry or to agree to marry. However, we agree with Keith that the trial court properly concluded that *Heinzman* is not limited to circumstances in which there is a formal engagement, a transfer of real property in contemplation of marriage, and the breaking of the engagement. Rather, in our view, the holding in *Heinzman* extends to a situation in which a joint tenancy is created as a gift conditioned upon subsequent marriage of the parties, and such marriage does not occur.

■ Loveless further contends that the trial court's order quieting title in Keith undercuts the recording statutes, §§ 38–35–101, et seq., C.R.S. (1982 Repl.Vol. 16A), which *inter alia*, protect third parties without notice of a prior unrecorded deed or mortgage. Here, however, the record reveals that, during the Texas divorce proceedings, Loveless cross-examined Keith about the property and the conditional nature of the purported gift of it from Keith to Linda in joint tenancy. Hence, Loveless was not an innocent third party, but instead had actual notice of the conditional nature of the conveyance of the property before he filed his judgment lien.

Here, it is undisputed, based upon Keith's uncontested and uncontroverted affidavit submitted in support of his summary judgment motion, that he put the property in joint tenancy with Linda as a conditional gift in contemplation of marriage. Under these circumstances, we conclude that the trial court properly applied. *Heinzman* to set aside the real property conveyance to Linda and to quiet title in Keith.

In reaching this conclusion, we reject Loveless' contention that *Estate of Lee v. Graber*, 170 Colo. 419, 462 P.2d 492 (1969) requires a different result. There, the supreme court held that a gift of a joint interest in real property is complete, perfect, and irrevocable. In that case, the court addressed whether a pre-death transfer of real property was an advancement and, thus, to be counted as part of the donee's intestate share of property. Unlike the situation presented here, the *Lee* court did not consider whether a conditional gift had been made.

■ We note that an essential requirement of a gift *inter vivos* is the clear and unmistakable intention to make a gift, and in this regard the intent of the transferor or putative donor is determinative. *See Mancuso v. United Bank*, 818 P.2d 732 (Colo. 1991); *Goemmer v. Hartman*, 791 P.2d 1238 (Colo.App.1990). Since Keith's intent to make a conditional gift is undisputed, the trial court's ruling was proper.

The judgment is affirmed.

HUME and JONES, JJ., concur.