No. 13,059.

FIRST NATIONAL BANK OF FORT COLLINS *v.* POOR ET AL.
(29 P. [2d] 713)

Decided February 13, 1934.

315

Mr. Wm. A. Bryans, III, Mr. Conrad L. Ball, for plaintiff in error.

Mr. Fred W. Stover, Mr. Herbert A. Alpert, for defendants in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

The First National Bank of Fort Collins sued R. T. Poor, Don W. Poor and Sam C. Poor on a promissory note for $2,500. The plaintiff sued out a writ of attachment, which was levied upon certain live stock and farming equipment, the property of the defendants. The ground for attachment stated in the affidavit was, ''That the defendants have fraudulently transferred or assigned their property or effects so as to hinder and delay their creditors or some one or more of them, or to render process of execution unavailable when judgment is obtained.'' The affidavit was traversed by the defendants; a trial on the attachment issue was had to a jury, resulting in a verdict for the defendants; and the court ren-

dered judgment dissolving the attachment, and, as the note was not due, dismissing the suit. The plaintiff seeks a reversal of that judgment.

There was evidence tending to show the following facts: The father of the defendants owned a farm. In 1927 the father, the defendants and C. L. Lowell made an arrangement whereby the defendants purchased the farm and assumed certain of the father's obligations, among them a debt due to Maurice Cash, the defendants' brother-in-law. In July, 1931, Cash demanded payment of the debt due him, or security therefor, and on July 25, 1931, the defendants gave to him a chattel mortgage of certain live stock and farming equipment to secure the payment of $2,300. On November 6 of the same year the plaintiff caused the attachment writ in this action to be levied upon the property described in the chattel mortgage.

■ There was no attempt in this suit to set aside the mortgage; Cash, the mortgagee, was not a party to the proceeding, and his rights could not be affected by any judgment rendered herein.

■■ To sustain the attachment the burden was on the plaintiff to prove by a preponderance of the evidence the allegations in the attachment affidavit. The giving of the mortgage was not sufficient of itself to prove an intent on the part of the defendants to hinder or delay the plaintiff in the collection of its debt. Such intent must be apparent from all the facts and circumstances in evidence before an attachment can be sustained on the ground alleged. If a mortgage is given with such intent, the property of the mortgagor is subject to attachment, even though the mortgagor had no purpose eventually to defeat the creditor in the collection of his demand, and even though the debt secured by the mortgage is a valid and subsisting liability. *Hafelfinger v. Perry,* 52 Colo. 444, 121 Pac. 1021; *Asiatic Tunnel M. & M. Co. v. Stephenson,* 63 Colo. 301, 165 Pac. 773.

■■ The question of intent was the all-important

question for the jury to determine. It is contended that the defendants admitted on cross-examination that they intended, by giving the mortgage, to hinder and delay the plaintiff in the collection of its note, and the record sustains the contention. But on redirect examination the defendants explained that they did not clearly understand the purport of the questions that had been put to them, and denied having such intent. There were circumstances in evidence from which, if believed, the jury could have found the existence of such intent, and there were circumstances which, if believed, would have justified a contrary finding. In such a situation it was highly important for the jury to know that intent may be proved by circumstances as well as by direct proof; that intent may be inferred from circumstances in evidence. The plaintiff requested the court to give the following instruction: "You are instructed that it is not incumbent upon the plaintiff to prove by direct evidence that the defendants intended to hinder or delay it in the collection of its claim, by making the mortgage to Maurice Cash. If you find and determine from all of the facts and circumstances in the case that such was the intent, then and under such circumstances, you would be justified in sustaining the attachment." The court refused to give the requested instruction and gave no instruction whatever on the subject covered thereby. The requested instruction states the law correctly and should have been given. The plaintiff attempted to prove intent by circumstantial evidence and also by direct evidence, namely, by the testimony of the defendants on cross-examination that such was their intent. In the absence of such an instruction, the jury may have thought that they would not be justified in finding intent to hinder and delay unless they found the defendants' explanation of their apparent admission of such intent to be unsatisfactory; and the verdict indicates that they were satisfied with such explanation. In the circumstances, the failure of the

court to instruct as requested was prejudicial to the substantial rights of the plaintiff.

The judgment is reversed, and the cause is remanded for a new trial.

Mr. Chief Justice Adams and Mr. Justice Bouck concur.